IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

| | |
|---|---|
| GILEAD SCIENCES, INC. and EMORY UNIVERSITY,<br><br>     Plaintiffs,<br><br>  v.<br><br>MYLAN INC. and MYLAN PHARMACEUTICALS INC.,<br><br>     Defendants. | Civil Action No. 1:14-cv-99 (IMK) |

**PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Plaintiffs-Counterclaim Defendants Gilead Sciences, Inc. ("Gilead") and Emory University ("Emory") (collectively, "Plaintiffs") answer the counterclaims of Defendant-Counterclaim Plaintiff Mylan Pharmaceuticals Inc. ("Mylan Pharmaceuticals") as follows:

**Parties**

1. Plaintiffs admit that Gilead is a corporation organized and existing under the laws of Delaware with its corporate headquarters at 333 Lakeside Drive, Foster City, California 94404.

2. Plaintiffs admit that Emory is a non-profit corporation organized and existing under the laws of Georgia with its corporate headquarters at 201 Dowman Drive, Atlanta, Georgia 30322.

3. On information and belief, Plaintiffs admit that Mylan Pharmaceuticals is a corporation organized under the laws of West Virginia, having a place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505.

**Jurisdiction and Venue**

4. Paragraph 4 of Mylan Pharmaceuticals's counterclaims contains legal conclusions and allegations to which no answer is required. To the extent that an answer is required, Plaintiffs admit that Mylan Pharmaceuticals purports to assert counterclaims under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiffs deny all remaining allegations of Paragraph 4 of Mylan Pharmaceuticals's counterclaims.

5. Paragraph 5 of Mylan Pharmaceuticals's counterclaims contains legal conclusions and allegations to which no answer is required. To the extent that an answer is required, Plaintiffs admit that the Court has subject matter jurisdiction over Mylan Pharmaceuticals's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Plaintiffs deny all remaining allegations of Paragraph 5 of Mylan Pharmaceuticals's counterclaims.

6. Paragraph 6 of Mylan Pharmaceuticals's counterclaims contains legal conclusions and allegations to which no answer is required. To the extent that an answer is required, Plaintiffs admit that the Court has personal jurisdiction over Plaintiffs for purposes of these counterclaims. Plaintiffs deny all remaining allegations of Paragraph 6 of Mylan Pharmaceuticals's counterclaims.

7. Paragraph 7 of Mylan Pharmaceuticals's counterclaims contains legal conclusions and allegations to which no answer is required. To the extent that an answer is required, Plaintiffs admit that venue for Mylan Pharmaceuticals's counterclaims is proper in this District. Plaintiffs deny all remaining allegations of Paragraph 7 of Mylan Pharmaceuticals's counterclaims.

**Patents-in-Suit**

8. Plaintiffs admit that, on November 4, 2003, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 6,642,245 (the "'245 patent"), entitled "Antiviral Activity and Resolution of 2-Hydroxymethyl-5-(5-Fluorocytosin-1-yl)-1,3-Oxathiolane." Plaintiffs further admit that Emory is the assignee of the '245 patent.

9. Plaintiffs admit that, on March 9, 2004, the USPTO issued United States Patent No. 6,703,396 (the "'396 patent"), entitled "Method of Resolution and Antiviral Activity of 1,3-Oxathiolane Nucleoside Enantiomers." Plaintiffs further admit that Emory is the assignee of the '396 patent.

10. Plaintiffs admit that, on November 26, 2013, the USPTO issued United States Patent No. 8,592,397 (the "'397 patent"), entitled "Compositions and Methods for Combination Antiviral Therapy." Plaintiffs further admit that Gilead is the assignee of the '397 patent.

11. Plaintiffs admit that Gilead is indicated in the records of the United States Food and Drug Administration as the holder of New Drug Application No. 21-752 for 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate, which are prescribed and sold by Gilead under the Truvada® trademark.

12. Plaintiffs admit that the '245, '396, and '397 patents are listed in the electronic version of the Orange Book in association with Truvada®.

13. Paragraph 13 of Mylan Pharmaceuticals's counterclaims contains legal conclusions and allegations to which no answer is required. To the extent that an answer is required, Plaintiffs admit that Mylan Pharmaceuticals notified Plaintiffs in writing by a letter dated April 24, 2014 (the "April 24, 2014 Notice Letter") that it had filed Abbreviated New Drug Application ("ANDA") No. 20-6436 with a certification provided for in 21 U.S.C. §

355(j)(2)(A)(vii)(IV) alleging that the '245, '396, and '397 patents are invalid, unenforceable, and/or will not be infringed by the product that is the subject of ANDA No. 20-6436. Plaintiffs deny that the '245, '396, and '397 patents are invalid, unenforceable, and/or will not be infringed by the product that is the subject of ANDA No. 20-6436. Plaintiffs further deny all remaining allegations in Paragraph 13.

14. Paragraph 14 of Mylan Pharmaceuticals's counterclaims contains legal conclusions and allegations to which no answer is required. To the extent that an answer is required, Plaintiffs deny that the April 24, 2014 Notice Letter included a full and detailed statement of the factual and legal basis for the certification that the '245, '396, and '397 patents are invalid, unenforceable, and/or will not be infringed by the product that is the subject of ANDA No. 20-6436. Plaintiffs further deny that the '245, '396, and '397 patents are invalid, unenforceable, and/or will not be infringed by the product that is the subject of ANDA No. 20-6436. Plaintiffs further deny all remaining allegations in Paragraph 14.

15. Plaintiffs admit that, on June 9, 2014, they filed a Complaint in this Court against Mylan Inc. and Mylan Pharmaceuticals alleging infringement of the '245, '396, and '397 patents. Plaintiffs further admit that, on June 27, 2014, they filed an Amended Complaint in this action, again alleging infringement of the '245, '396, and '397 patents.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-Infringement of the '245 Patent)**

16. Plaintiffs repeat their answers to Paragraphs 1-15, as if fully stated herein.

17. Plaintiffs admit that they have accused Mylan Pharmaceuticals of infringing the '245 patent.

18. Plaintiffs deny the allegations in Paragraph 18.

19. Plaintiffs admit that a definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Mylan Pharmaceuticals and Plaintiffs regarding the infringement of the '245 patent.

20. Plaintiffs deny the allegations in Paragraph 20.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of the '396 Patent)**

21. Plaintiffs repeat their answers to Paragraphs 1-20, as if fully stated herein.

22. Plaintiffs admit that they have accused Mylan Pharmaceuticals of infringing the '396 patent.

23. Plaintiffs deny the allegations in Paragraph 23.

24. Plaintiffs admit that a definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Mylan Pharmaceuticals and Plaintiffs regarding the infringement of the '396 patent.

25. Plaintiffs deny the allegations in Paragraph 25.

## THIRD CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of the '397 Patent)**

26. Plaintiffs repeat their answers to Paragraphs 1-25, as if fully stated herein.

27. Plaintiffs admit that they have accused Mylan Pharmaceuticals of infringing the '397 patent.

28. Plaintiffs deny the allegations in Paragraph 28.

29. Plaintiffs admit that a definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Mylan Pharmaceuticals and Plaintiffs regarding the infringement of the '397 patent.

30. Plaintiffs deny the allegations in Paragraph 30.

**FOURTH CLAIM FOR RELIEF**
**(Declaratory Judgment of Invalidity of the '245 Patent)**

31. Plaintiffs repeat their answers to Paragraphs 1-30, as if fully stated herein.

32. Plaintiffs admit that they have accused Mylan Pharmaceuticals of infringing the '245 patent.

33. Plaintiffs deny the allegations in Paragraph 33.

34. Plaintiffs deny the allegations in Paragraph 34.

35. Plaintiffs admit that there is a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Mylan Pharmaceuticals and Plaintiffs regarding the infringement and validity of the '245 patent. Plaintiffs deny that this case or controversy warrants the issuance of a declaratory judgment.

36. Plaintiffs deny the allegations in Paragraph 36.

**FIFTH CLAIM FOR RELIEF**
**(Declaratory Judgment of Invalidity of the '396 Patent)**

37. Plaintiffs repeat their answers to Paragraphs 1-36, as if fully stated herein.

38. Plaintiffs admit that they have accused Mylan Pharmaceuticals of infringing the '396 patent.

39. Plaintiffs deny the allegations in Paragraph 39.

40. Plaintiffs deny the allegations in Paragraph 40.

41. Plaintiffs admit that there is a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Mylan Pharmaceuticals and Plaintiffs regarding the infringement and validity of the '396 patent. Plaintiffs deny that this case or controversy warrants the issuance of a declaratory judgment.

42. Plaintiffs deny the allegations in Paragraph 42.

## SIXTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '397 Patent)

43.     Plaintiffs repeat their answers to Paragraphs 1-42, as if fully stated herein.

44.     Plaintiffs admit that they have accused Mylan Pharmaceuticals of infringing the '397 patent.

45.     Plaintiffs deny the allegations in Paragraph 45.

46.     Plaintiffs deny the allegations in Paragraph 46.

47.     Plaintiffs admit that there is a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Mylan Pharmaceuticals and Plaintiffs regarding the infringement and validity of the '397 patent.  Plaintiffs deny that this case or controversy warrants the issuance of a declaratory judgment.

48.     Plaintiffs deny the allegations in Paragraph 48.

## PRAYER FOR RELIEF

The "WHEREFORE" paragraph following paragraph 48 of Mylan Pharmaceuticals's counterclaims that states Mylan Pharmaceuticals's prayer for relief, including sub-paragraphs (a)-(g), does not require an answer.  To the extent that an answer is required, Plaintiffs deny the allegations set forth in the "WHEREFORE" paragraph following paragraph 48 of Mylan Pharmaceuticals's counterclaims, including sub-paragraphs (a)-(g), and deny that Mylan Pharmaceuticals is entitled to any of the relief requested therein or to any relief whatsoever.

Plaintiffs further deny any allegations in Mylan Pharmaceuticals's counterclaims that were not specifically admitted, denied, or answered herein.

WHEREFORE, Plaintiffs respectfully request the following relief:

a) An order dismissing Mylan Pharmaceuticals's counterclaims with prejudice;

b) An order granting each and every prayer for relief sought by Plaintiffs in their Amended Complaint for Patent Infringement;

c) An award of costs and expenses to Plaintiffs for defending against these counterclaims;

d) Such further and additional relief as this Court deems just and proper.

Dated: September 2, 2014

Respectfully submitted,

*/s Frank E. Simmerman, Jr.*
Colleen Tracy James (CT 8377)
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
(212) 506-2122
(212) 849-5536 (fax)
ctracyjames@mayerbrown.com

David B. Bassett (DB 8727)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212-230-8858
212-230-8888 (fax)
david.bassett@wilmerhale.com

Frank E. Simmerman, Jr. (WV 3403)
Chad L. Taylor, Jr. (WV 10564)
Frank E. Simmerman, III (WV 11589)
SIMMERMAN LAW OFFICE, PLLC
254 E. Main St.
Clarksburg, WV 26301-2170
304-623-4900
304-623-4906 (fax)
fes@simmermanlaw.com
clt@simmermanlaw.com
trey@simmermanlaw.com

*Attorneys for Plaintiffs Gilead Sciences, Inc. and Emory University*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG DIVISION

| | |
|---|---|
| GILEAD SCIENCES, INC. and EMORY UNIVERSITY,<br><br>      Plaintiffs,<br>  v.<br><br>MYLAN INC. and MYLAN PHARMACEUTICALS INC.,<br><br>      Defendants. | Civil Action No. 1:14-cv-99 (IMK) |

## CERTIFICATE OF SERVICE

  I hereby certify that on this 2nd day of September, 2014, I electronically filed the foregoing "Plaintiffs' Answer to Defendants' Counterclaims" with the clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

George J Barry, III
McGuire Woods LLP
1170 Peachtree St
Suite 2100
Atlanta, GA 30309
(404) 443-5500
(404) 443-5599 (fax)
gbarry@mcguirewoods.com

Jessica M. Hauth
McGuireWoods LLP
1230 Peachtree Street N.E. Suite 2100
Atlanta, GA 30309-3534
(404) 443-5743
(404) 443-5775 (fax)
jhauth@mcguirewoods.com

Cedric C.Y. Tan
McGuireWoods LLP
1230 Peachtree Street N.E. Suite 2100
Atlanta, GA 30309-3534
(404) 443-5500

(404) 443-5599 (fax)
CTan@mcguirewoods.com

Meghan M. Rachford
McGuireWoods LLP
1230 Peachtree Street N.E. Suite 2100
Atlanta, GA 30309-3534
(404) 443-5500
(404) 443-5599 (fax)
mrachford@mcguirewoods.com

Gordon H. Copland
Steptoe & Johnson, PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
304-933-8162
304-933-8183 (fax)
Gordon.Copland@steptoe-johnson.com

William J O'Brien
Steptoe & Johnson PLLC - Bridgeport
400 White Oaks Blvd
Bridgeport, WV 26330
(304) 624-8181
(304) 624-8183 (fax)
William.Obrien@Steptoe-Johnson.com

                                                           Respectfully submitted,

                                                           */s Frank E. Simmerman, Jr.*
                                                           Frank E. Simmerman, Jr. (WV 3403)
                                                           SIMMERMAN LAW OFFICE, PLLC
                                                           254 E. Main St.
                                                           Clarksburg, WV 26301-2170
                                                           304-623-4900
                                                           304-623-4906 (fax)