UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

| | |
|---|---|
| GILEAD SCIENCES, INC. and EMORY UNIVERSITY,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN INC. and MYLAN PHARMACEUTICALS INC.,<br><br>Defendants. | Case No. 1:14-CV-99 (Keeley) |

**AMENDED ANSWER, DEFENSES AND COUNTERCLAIMS OF MYLAN PHARMACEUTICALS INC. AND MYLAN INC.**

Defendant Mylan Pharmaceuticals Inc. and Mylan Inc. ("Mylan" or "Defendants") answer the Amended Complaint for Patent Infringement of Plaintiffs Gilead Sciences, Inc. and Emory University ("Plaintiffs") as follows:

**RESPONSES TO ALLEGATIONS PERTAINING TO THE NATURE OF ACTION**

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code.

**ANSWER:** Paragraph 1 contains legal conclusions and allegations to which no answer is required. To the extent that an answer is required, Mylan admits that the Amended Complaint purports to state a cause of action for patent infringement under the patent laws of the United States, Title 35, United States Code. To the extent not expressly admitted herein, Mylan denies the allegations in paragraph 1 of the Amended Complaint.

**RESPONSES TO ALLEGATIONS PERTAINING TO THE PARTIES**

2. Gilead is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 333 Lakeside Drive, Foster City, California 94404.

**ANSWER:** On information and belief, Mylan admits the allegations contained in paragraph 2 of the Amended Complaint.

3. Emory is a non-profit corporation of the State of Georgia, having an office at 201 Dowman Drive, Atlanta, Georgia 30322.

**ANSWER:** On information and belief, Mylan admits the allegations contained in paragraph 3 of the Amended Complaint.

4. On information and belief, defendant Mylan Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having a principal place of business at 1500 Corporate Drive, Canonsburg, PA 15317. On information and belief, Mylan Inc. has actual control over the activities of Mylan Pharmaceuticals Inc.

**ANSWER:** Mylan admits that Mylan Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 4 of the Amended Complaint.

5. On information and belief, defendant Mylan Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of West Virginia, and a wholly-owned subsidiary and agent of Mylan Inc., having a principal place of business at 781 Chestnut Ridge Road, Morgantown, WV 26505.

**ANSWER:** Mylan admits that Mylan Pharmaceuticals Inc. ("Mylan Pharmaceuticals") is a corporation organized and existing under the laws of the State of West Virginia with an office at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505, and that Mylan Pharmaceuticals is a wholly-owned subsidiary of Mylan Inc. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 5 of the Amended Complaint.

## RESPONSE TO ALLEGATIONS PERTAINING TO JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States and the Food and Drug Laws of the United States, Titles 35 and 21, United States Code. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Paragraph 6 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Mylan admits that Plaintiffs purport to bring this action under the patent laws of the United States. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 6 of the Amended Complaint.

7. On information and belief, this Court has personal jurisdiction over Mylan Inc. and Mylan Pharmaceuticals Inc.

**ANSWER:** Paragraph 7 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Mylan admits that this Court has personal jurisdiction over Mylan Pharmaceuticals. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 7 of the Amended Complaint.

8. On information and belief, Mylan Inc., itself or through one of its wholly-owned subsidiaries, derives substantial revenue from selling various pharmaceutical drug products and doing business throughout the United States, including in West Virginia and this District.

**ANSWER:** Mylan denies the allegations of paragraph 8 of the Amended Complaint, and further denies that Mylan Inc. is a proper party to this action.

9. On information and belief, Mylan Inc. is registered with the West Virginia Secretary of State to do business as a foreign corporation in West Virginia and due to this registration, has authorized the West Virginia Secretary of State to accept service on its behalf.

**ANSWER:** Mylan admits that Mylan Inc. is registered as a foreign corporation with the West Virginia Secretary of State. To the extent not expressly admitted herein, Mylan denies the allegations of paragraph 9 of the Amended Complaint, and further denies that Mylan Inc. is a proper party to this action.

10. On information and belief, Mylan Inc. has also authorized Corporation Service Company, 209 West Washington Street, Charleston, West Virginia 25302 to accept service on its behalf.

**ANSWER:** Mylan admits that Mylan Inc. has a Notice of Process Address listed on record with the West Virginia Secretary of State that is Corporation Service Company, 209 West Washington Street, Charleston, West Virginia 25302. To the extent not expressly admitted herein, Mylan denies the allegations of paragraph 10 of the Amended Complaint, and further denies that Mylan Inc. is a proper party to this action.

11. On information and belief, Mylan Inc., itself or through one of its wholly-owned subsidiaries, manufactures pharmaceutical drug products that are sold and used throughout the United States, including in West Virginia and this District.

**ANSWER:** Mylan denies the allegations of paragraph 11 of the Amended Complaint, and further denies that Mylan Inc. is a proper party to this action.

12. On information and belief, Mylan Inc., itself or through one of its wholly-owned subsidiaries, has sale representatives focused on the sale of pharmaceutical drug products in West Virginia and this District.

**ANSWER:** Mylan denies the allegations of paragraph 12 of the Amended Complaint, and further denies that Mylan Inc. is a proper party to this action.

13. On information and belief, residents of the State of West Virginia purchase pharmaceutical drug products from Mylan Inc. in the State of West Virginia.

**ANSWER:** Mylan denies the allegations of paragraph 13 of the Amended Complaint, and further denies that Mylan Inc. is a proper party to this action.

14. On information and belief, Mylan Inc., itself or through one of its wholly-owned subsidiaries, has authorized distributors in the State of West Virginia to distribute Mylan's pharmaceutical drug products throughout the State of West Virginia.

**ANSWER:** Mylan denies the allegations of paragraph 14 of the Amended Complaint, and further denies that Mylan Inc. is a proper party to this action.

15. On information and belief, Mylan Pharmaceuticals Inc. derives substantial revenue from selling various pharmaceutical drug products and doing business throughout the United States, including in West Virginia and this District.

**ANSWER:** Mylan does not contest personal jurisdiction over Mylan Pharmaceuticals in this district. Mylan denies the remaining allegations in paragraph 15 of the Amended Complaint.

16. On information and belief, Mylan Pharmaceuticals Inc. is a registered corporation with the West Virginia Secretary of State to do business as a domestic corporation in West Virginia and due to this registration, has authorized the West Virginia Secretary of State to accept service on its behalf.

**ANSWER:** Mylan admits that Mylan Pharmaceuticals is incorporated in the State of West Virginia. Mylan does not contest personal jurisdiction over Mylan Pharmaceuticals in this district. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 16 of the Amended Complaint.

17. On information and belief, Mylan Pharmaceuticals Inc. has also authorized Corporation Service Company, 209 West Washington Street, Charleston, West Virginia 25302 to accept service on its behalf.

**ANSWER:** Mylan admits that Mylan Pharmaceuticals has a Notice of Process Address listed on record with the West Virginia Secretary of State that is Corporation Service Company, 209 West Washington Street, Charleston, West Virginia 25302. Mylan does not contest personal jurisdiction over Mylan Pharmaceuticals in this district. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 17 of the Amended Complaint.

18. On information and belief, Mylan Pharmaceuticals Inc. currently holds active "Manufacturer," "Wholesale Distributor," "Medical Examiner," and "Miscellaneous" licenses with the West Virginia Board of Pharmacy.

**ANSWER:** To the extent an answer is required, Mylan does not contest personal jurisdiction over Mylan Pharmaceuticals in this district. Mylan further admits that Mylan Pharmaceuticals holds manufacturer and wholesale distributor licenses, among other licenses, in West Virginia. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 18 of the Amended Complaint.

> 19. On information and belief, Mylan Pharmaceuticals Inc. manufactures pharmaceutical drug products that are sold and used throughout the United States, including in West Virginia and this District.

**ANSWER:** Mylan admits that Mylan Pharmaceuticals manufactures certain pharmaceutical drug products and sells the same in the United States. Mylan does not contest personal jurisdiction over Mylan Pharmaceuticals in this district. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 19 of the Amended Complaint.

> 20. On information and belief, Mylan Pharmaceuticals Inc. has sale representatives focused on the sale of pharmaceutical drug products in West Virginia and this District.

**ANSWER:** Mylan does not contest personal jurisdiction over Mylan Pharmaceuticals in this district. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 20 of the Amended Complaint.

> 21. On information and belief, residents of the State of West Virginia purchase pharmaceutical drug products from Mylan Pharmaceuticals Inc. in the State of West Virginia.

**ANSWER:** Mylan does not contest personal jurisdiction over Mylan Pharmaceuticals in this district. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 21 of the Amended Complaint.

> 22. On information and belief, Mylan Pharmaceuticals Inc., itself or through one of its agents, has authorized distributors in the State of West Virginia to distribute Mylan's pharmaceutical drug products throughout the State of West Virginia.

**ANSWER:** Mylan does not contest personal jurisdiction over Mylan Pharmaceuticals in this district. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 22 of the Amended Complaint.

> 23. On information and belief, Mylan Pharmaceuticals Inc.'s submission of Abbreviated New Drug Application ("ANDA") No. 20-6436, discussed below, indicates Mylan Inc.'s and Mylan Pharmaceuticals Inc.'s intention to engage in the commercial manufacture, use, sale and/or importation of products that will

> compete directly with Gilead's Truvada® product, which is currently being sold throughout the United States, including in West Virginia and this District. On information and belief, Mylan Inc. and Mylan Pharmaceuticals Inc. will sell the tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate for the use for which Mylan seeks approval in ANDA No. 20-6436, if approved, throughout the United States, including in West Virginia and this District.

**ANSWER:** Paragraph 23 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Mylan admits that Mylan Pharmaceuticals submitted Abbreviated New Drug Application ("ANDA") No. 20-6436 and that ANDA No. 20-6436 speaks for itself and is the best source of its content. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 23 of the Amended Complaint.

> 24. On information and belief, Mylan Inc. and Mylan Pharmaceuticals Inc. have previously consented to personal jurisdiction in this District.

**ANSWER:** Paragraph 24 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Mylan does not contest personal jurisdiction over Mylan Pharmaceuticals in this district. Mylan admits that Mylan Inc. has previously consented to personal jurisdiction in this District but denies that Mylan Inc. consents to personal jurisdiction in this action and further denies that Mylan Inc. is a proper party to this action. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 24 of the Amended Complaint.

> 25. Venue is proper in this District under 28 U.S.C. § 1391(b), (c), (d), and 28 U.S.C. § 1400(b).

**ANSWER:** Paragraph 25 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Mylan does not contend this District is an improper venue for the limited purposes of this action only. Mylan further denies that Mylan

Inc. is a proper party to this action. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 25 of the Amended Complaint.

## RESPONSES TO ALLEGATIONS PERTAINING TO BACKGROUND

26. Gilead is the holder of New Drug Application ("NDA") No. 21-752 which relates to tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate. On August 2, 2004, the United States Food and Drug Administration ("FDA") approved the use of the tablets described in NDA No. 21-752 for the treatment of HIV-1 infection in adults. These tablets are prescribed and sold in the United States under the trademark Truvada®.

**ANSWER:** Mylan avers that Gilead is indicated in the records of the U.S. Food and Drug Administration ("FDA") as the owner of New Drug Application ("NDA") No. 21-752. Mylan further avers, on information and belief, that the records of the FDA indicate that NDA No. 21-752 covers a product having the proprietary name Truvada®, which are tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate. Mylan lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of paragraph 26 of the Amended Complaint, and, on that basis, Mylan denies those allegations.

27. United States Patent No. 6,642,245 ("the '245 Patent," copy attached as Exhibit A), entitled "Antiviral Activity and Resolution of 2-Hydroxymethy1-5-(5-fluorocytosinl-y1)-1,3-oxathiolane," was duly and legally issued by the United States Patent and Trademark Office on November 4, 2003. The '245 Patent claims, *inter alia*, methods for treating HIV infection in humans with emtricitabine (one of the active ingredients in Truvada®), and is listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("FDA Orange Book") for Truvada®.

**ANSWER:** Mylan admits that U.S. Patent No. 6,642,245 ("the '245 patent") speaks for itself and is the best source for its content. Mylan admits that the '245 patent is entitled "Antiviral Activity and Resolution of 2-Hydroxymethy1-5-(5-fluorocytosinl-y1)-1,3-oxathiolane," and was issued on November 4, 2003. Mylan admits that the '245 patent is listed in the *Approved Drug Products With Therapeutic Equivalence Evaluations* ("Orange Book") for NDA No. 21-752 for

Truvada®. Mylan lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of paragraph 27 of the Amended Complaint and, on that basis, Mylan denies those allegations.

> 28. United States Patent No. 6,703,396 ("the '396 Patent," copy attached as Exhibit B), entitled "Method of Resolution and Antiviral Activity of 1,3-Oxathiolane Nucleoside Enantiomers," was duly and legally issued by the United States Patent and Trademark Office on March 9, 2004. The '396 Patent claims, *inter alia*, emtricitabine (one of the active ingredients in Truvada®), and is listed in the FDA Orange Book for Truvada®.

**ANSWER:** Mylan admits that U.S. Patent No. 6,703,396 ("the '396 patent") speaks for itself and is the best source for its content. Mylan admits that the '396 patent is entitled "Method of Resolution and Antiviral Activity of 1,3-Oxathiolane Nucleoside Enantiomers," and was issued on March 9, 2004. Mylan admits that the '396 patent is listed in the Orange Book for NDA No. 21-752 for Truvada®. Mylan lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of paragraph 28 of the Amended Complaint and, on that basis, Mylan denies those allegations.

> 29. United States Patent No. 8,592,397 ("the '397 Patent," copy attached as Exhibit C), entitled "Compositions and Methods for Combination Antiviral Therapy," was duly and legally issued by the United States Patent and Trademark Office on November 26, 2013. The '397 Patent claims, *inter alia*, a pharmaceutical combination tablet containing emtricitabine and tenofovir disoproxil fumarate (the two active ingredients in Truvada®) and methods for treating HIV infection in humans with the emtricitabine and tenofovir disoproxil fumarate combination. The '397 Patent is also listed in the FDA Orange Book for Truvada®.

**ANSWER:** Mylan admits that U.S. Patent No. 8,592,397 ("the '397 patent") speaks for itself and is the best source for its content. Mylan admits that the '397 patent is entitled "Compositions and Methods for Combination Antiviral Therapy," and was issued on November 26, 2013. Mylan admits that the '397 patent is listed in the Orange Book for NDA No. 21-752 for Truvada®. Mylan lacks sufficient knowledge and information to form a belief as to the truth

of the remaining allegations of paragraph 29 of the Amended Complaint and, on that basis, Mylan denies those allegations.

30. Emtricitabine is a compound that has a molecular formula of $C_8H_{10}FN_3O_3S$, and which has the following chemical structure:




**ANSWER:** On information and belief, Mylan admits that emtricitabine is a compound that has a molecular formula of $C_8H_{10}FN_3O_3S$. Mylan denies the remaining allegations in paragraph 30 of the Amended Complaint.

31. Emtricitabine can be referred to by any of several chemical names. The chemical name given to emtricitabine in the Truvada® label is "5-fluoro-1-(2*R*,5*S*)-[2-(hydroxymethyl)-1,3-oxathiolan-5-yl]cytosine." Two chemical names recited for emtricitabine in the '245 Patent are "(-)-β-L-2-hydroxymethy1-5-(5-fluorocytosin-1-yl)-1,3-oxathiolane" and "β-L-2-hydroxymethy1-5-(5-fluorocytosin-1-yl)-1,3-oxathiolane." Two chemical names recited for emtricitabine in the '396 Patent are "(-)-cis-4-amino-5-fluoro-1-(2-hydroxymethyl-1,3-oxathiolane-5-yl)-(1H)-pyrimidin-2-one" and "(-)-enantiomer of cis-4-amino-5-fluoro-1-(2-hydroxymethy1-1,3-oxathiolane-5-yl)-(1H)-pyrimidin-2-one."

**ANSWER:** On information and belief, Mylan admits that emtricitabine may be referred to by multiple chemical names. On information and belief, Mylan admits that the publicly available prescribing information for Truvada® refers to emtricitabine as "5-fluoro-1-(2*R*,5*S*)-[2-(hydroxymethyl)-1,3-oxathiolan-5-yl]cytosine." Mylan denies the remaining allegations in paragraph 31 of the Amended Complaint.

32. The named inventors on the '245 and '396 Patents are Dennis C. Liotta, Raymond F. Schinazi and Woo-Baeg Choi.

**ANSWER:** Mylan admits, on information and belief, that the '245 patent speaks for itself. Mylan further admits that Dennis C. Liotta, Raymond F. Schinazi and Woo-Baeg Choi are listed

as inventors on the face of the ’245 patent. Mylan further admits, on information and belief, that the ’396 patent speaks for itself. Mylan further admits that Dennis C. Liotta, Raymond F. Schinazi and Woo-Baeg Choi are listed as inventors on the face of the ’396 patent. To the extent not expressly admitted herein, Mylan denies the allegations of paragraph 32 of the Amended Complaint.

33. Dennis C. Liotta, Raymond F. Schinazi and Woo-Baeg Choi assigned the ’245 and ’396 Patents to Emory.

**ANSWER:** Paragraph 33 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Mylan admits, on information and belief, that Emory is indicated on the face of the ’245 patent as the assignee of the ’245 patent. Mylan further admits, on information and belief, that Emory is indicated on the face of the ’396 patent as the assignee of the ’396 patent. Mylan lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of paragraph 33 of the Amended Complaint and, on that basis, Mylan denies those allegations.

34. Pursuant to an agreement entered into between Gilead and Emory, Gilead has substantial rights in the ’245 and ’396 Patents, including but not limited to, rights associated with being a licensee of the ’245 and ’396 Patents, and the right to sue for infringement of the ’245 and ’396 Patents.

**ANSWER:** Mylan lacks sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 34 of the Amended Complaint and, on that basis, Mylan denies those allegations.

35. The named inventors of the ’397 Patent are Terrence C. Dahl, Mark M. Menning and Reza Oliyai.

**ANSWER:** Mylan admits that the ’397 patent speaks for itself. Mylan further admits, on information and belief, that Terrence C. Dahl, Mark M. Menning and Reza Oliyai are listed as

inventors on the face of the ’397 patent. To the extent not expressly admitted herein, Mylan denies the allegations of paragraph 35 of the Amended Complaint.

> 36. Terrence C. Dahl, Mark M. Menning and Reza Oliyai assigned the ’397 Patent to Gilead.

**ANSWER:** Paragraph 36 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Mylan admits, on information and belief, that Gilead is indicated on the face of the ’397 patent as the assignee of the ’397 patent. Mylan lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of paragraph 36 of the Amended Complaint and, on that basis, Mylan denies those allegations.

## RESPONSES TO ALLEGATIONS PERTAINING TO COUNT 1
**Responses to Allegations of Infringement of U.S. Patent No. 6,642,245**

> 37. Plaintiffs repeat and reallege paragraphs 1-34 above as if set forth herein.

**ANSWER:** Mylan reasserts and incorporates by reference its answers to paragraphs 1-34 above as if fully set forth herein.

> 38. On information and belief, Mylan submitted or caused to be submitted an Abbreviated New Drug Application (“ANDA”), specifically ANDA No. 20-6436, to the FDA seeking approval to engage in the commercial manufacture, use, sale and/or importation of tablets containing the combination of 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate for the purpose of treating HIV infection.

**ANSWER:** Paragraph 38 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Mylan admits that Mylan Pharmaceuticals filed ANDA No. 20-6436 with the FDA seeking approval to market Emtricitabine and Tenofovir Disoproxil Fumarate Tablets, 200 mg/300 mg (“Mylan Pharmaceuticals’ ANDA Product”). To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 38 of the Amended Complaint.

39. By letter dated April 24, 2014 pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) (the "April 24, 2014 Notice Letter"), Mylan notified Plaintiffs that it had submitted ANDA No. 20-6436 to the FDA seeking approval to engage in the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate prior to the expiration of the '245 Patent.

**ANSWER:** Mylan admits that by the letter dated April 24, 2014 (the "April 24, 2014, Notice Letter"), in accordance with 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95, Mylan Pharmaceuticals notified Plaintiffs that Mylan Pharmaceuticals had submitted ANDA No. 20-6436 with a certification, pursuant to 21 U.S.C. §355(j)(2)(A)(vii)(IV), seeking approval of Mylan Pharmaceuticals' ANDA Product prior to the expiration of the '245 Patent ("Paragraph IV certification"). Mylan admits that the April 24, 2014, Notice Letter speaks for itself and is the best source for its contents. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 39 of the Amended Complaint.

40. In its April 24, 2014 Notice Letter, Mylan notified Plaintiffs that, as a part of ANDA No. 20-6436, it had filed a certification of the type described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") with respect to the '245 Patent. This statutory section requires, *inter alia*, certification by the ANDA applicant, in its opinion and to the best of its knowledge, that the subject patent, here the '245 Patent, "is invalid or will not be infringed by the manufacture, use or sale of the new drug for which the application is submitted . . . ." The statute (21 U.S.C. § 355(j)(2)(B)(iv)(II)) also requires a Paragraph IV Notice Letter to "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed." The FDA Rules and Regulations (21 C.F.R. § 314.95(c)(6)) further require that the detailed statement include, "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegations."

**ANSWER:** Paragraph 40 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Mylan admits that 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(6) speak for themselves and are the best source for their respective contents. Mylan further admits that by the April 24, 2014 Notice Letter, Mylan Pharmaceuticals

provided notification of the Paragraph IV certification pursuant to sections 505(j)(2)(B) of the Federal Food, Drug and Cosmetic Act and 21 C.F.R. § 314.95 regarding, *inter alia*, the '245 patent, in connection with Mylan Pharmaceuticals' ANDA No. 20-6436, as well as a detailed statement of the factual and legal basis for the Paragraph IV certification. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 40 of the Amended Complaint.

41. Mylan alleged in its April 24, 2014 Notice Letter that Claims 1-8 and 17-19 of the '245 Patent are invalid and Claims 9-16 and 20-22 of the '245 Patent would not be infringed by the commercial manufacture, use, sale and/or importation of its proposed product that is the subject of ANDA No. 20-6436.

**ANSWER:** Mylan admits that the April 24, 2014, Notice Letter speaks for itself and is the best source of its contents. Mylan admits that the April 24, 2014, Notice Letter explains in detail the factual and legal basis for Mylan Pharmaceuticals' Paragraph IV certification that the claims of the '245 patent are invalid or would not be infringed by Mylan Pharmaceuticals' ANDA Product. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 41 of the Amended Complaint.

42. The April 24, 2014 Notice Letter does not allege non-infringement of Claims 1-8 and 17-19 of the '245 Patent other than solely stating that the '245 Patent is invalid.

**ANSWER:** Mylan admits that the April 24, 2014, Notice Letter speaks for itself and is the best source of its contents. Mylan admits that the April 24, 2014, Notice Letter explains in detail the factual and legal basis for Mylan Pharmaceuticals' Paragraph IV certification that the claims of the '245 patent are invalid or would not be infringed by Mylan Pharmaceuticals' ANDA Product. Mylan admits that the April 24, 2014, Notice Letter did not specifically address non-infringement of Claims 1-8 and 17-19 of the '245 patent. To the extent not expressly

admitted herein, Mylan denies the remaining allegations in paragraph 42 of the Amended Complaint.

43. The April 24, 2014 Notice Letter does not provide the full and detailed statement of Mylan's factual and legal basis to support its non-infringement and invalidity allegations as to the '245 Patent.

**ANSWER:** Mylan denies the allegations of paragraph 43 of the Amended Complaint.

44. Accordingly, the April 24, 2014 Notice Letter fails to comply with the law, as specified in 21 U.S.C. § 355(j) and FDA rules and regulations, as specified in 21 C.F.R. § 314.95.

**ANSWER:** Mylan denies the allegations of paragraph 44 of the Amended Complaint.

45. By filing ANDA No. 20-6436 under 21 U.S.C. § 355(j) for the purposes of obtaining approval to engage in the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate before the '245 Patent's expiration, Mylan has committed an act of infringement of the '245 Patent under 35 U.S.C. § 271(e)(2).

**ANSWER:** Mylan denies the allegations of paragraph 45 of the Amended Complaint.

46. On information and belief, Mylan lacked a good faith basis for alleging invalidity when ANDA No. 20-6436 was filed and when the Paragraph IV certification was made. Mylan's ANDA and Paragraph IV certification is a wholly unjustified infringement of the '245 Patent.

**ANSWER:** Mylan denies the allegations of paragraph 46 of the Amended Complaint.

47. Mylan's submission of ANDA No. 20-6436 and service of the April 24, 2014 Notice Letter indicates a refusal to change its current course of action.

**ANSWER:** Mylan denies the allegations of paragraph 47 of the Amended Complaint.

48. On information and belief, the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate for which Mylan seeks approval in ANDA No. 20-6436, if approved, will infringe one or more claims of the '245 Patent.

**ANSWER:** Mylan denies the allegations of paragraph 48 of the Amended Complaint.

49. On information and belief, the tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate for the use for which Mylan seeks approval in ANDA No. 20-6436, if approved, will be administered to human patients in an

effective amount for treating HIV infection. This administration will infringe one or more claims of the ’245 Patent. On information and belief, this administration will occur at Mylan’s active behest and with its intent, knowledge and encouragement. On information and belief, Mylan will actively encourage, aid and abet this administration with knowledge that it is in contravention of Plaintiffs’ rights under the ’245 Patent. Further, by filing ANDA No. 20-6436 with a Paragraph IV certification, Mylan admits that it has knowledge of the ’245 Patent.

**ANSWER:** Mylan denies the allegations of paragraph 49 of the Amended Complaint.

50. The April 24, 2014 Notice Letter does not allege and does not address unenforceability of any claims of the ’245 Patent. By not addressing unenforceability of any claims of the ’245 Patent in its April 24, 2014 Notice Letter, Mylan admits that all of the claims of the ’245 Patent are enforceable.

**ANSWER:** Paragraph 50 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Mylan denies the allegations of paragraph 50 of the Amended Complaint.

**RESPONSES TO ALLEGATIONS PERTAINING TO COUNT 2**
**Responses to Allegations of Infringement of U.S. Patent No. 6,703,396**

51. Plaintiffs repeat and reallege paragraphs 1-34 above as if set forth herein.

**ANSWER:** Mylan reasserts and incorporates by reference its answers to paragraphs 1-34 above as if fully set forth herein.

52. On information and belief, Mylan submitted or caused to be submitted an Abbreviated New Drug Application (“ANDA”), specifically ANDA No. 20-6436, to the FDA seeking approval to engage in the commercial manufacture, use, sale and/or importation of tablets containing the combination of 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate for the purpose of treating HIV infection.

**ANSWER:** Paragraph 52 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Mylan admits that Mylan Pharmaceuticals filed ANDA No. 20-6436 with the FDA seeking approval to market Mylan Pharmaceuticals’ ANDA

Product. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 52 of the Amended Complaint.

> 53. By letter dated April 24, 2014 pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) (the "April 24, 2014 Notice Letter"), Mylan notified Plaintiffs that it had submitted ANDA No. 20-6436 to the FDA seeking approval to engage in the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate prior to the expiration of the '396 Patent.

**ANSWER:** Mylan admits that in the April 24, 2014, Notice Letter, in accordance with 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95, Mylan Pharmaceuticals notified Plaintiffs that Mylan Pharmaceuticals had submitted ANDA No. 20-6436 with a Paragraph IV certification, seeking approval of Mylan Pharmaceuticals' ANDA Product prior to the expiration of the '396 patent. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 53 of the Amended Complaint.

> 54. In its April 24, 2014 Notice Letter, Mylan notified Plaintiffs that, as a part of its ANDA No. 20-6436, it had filed a Paragraph IV certification with respect to the '396 Patent. This statutory section requires, *inter alia*, certification by the ANDA applicant, in its opinion and to the best of its knowledge, that the subject patent, here the '396 Patent, "is invalid or will not be infringed by the manufacture, use or sale of the new drug for which the application is submitted . . . ." The statute (21 U.S.C. § 355(j)(2)(B)(iv)(II)) also requires a Paragraph IV Notice Letter to "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed." The FDA Rules and Regulations (21 C.F.R. § 314.95(c)(6)) further require that the detailed statement include, "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegations."

**ANSWER:** Paragraph 54 contains legal conclusions and allegations to which no answer is required. Mylan admits that 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(6) speak for themselves and are the best source for their respective contents. Mylan further admits that by the April 24, 2014, Notice Letter, Mylan Pharmaceuticals provided notification of the Paragraph

IV certification pursuant to sections 505(j)(2)(B) of the Federal Food, Drug and Cosmetic Act and 21 C.F.R. § 314.95 regarding, *inter alia*, the ’396 patent in connection with ANDA No. 20-6436, as well as a detailed statement of the factual and legal basis for the Paragraph IV certification. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 54 of the Amended Complaint.

55. Mylan alleged in its April 24, 2014 Notice Letter that Claims 1-28 of the ’396 Patent are invalid and therefore would not be infringed by the commercial manufacture, use, sale and/or importation of its proposed product that is the subject of ANDA No. 20-6436.

**ANSWER:** Mylan admits that the April 24, 2014 letter speaks for itself and is the best source of its contents. Mylan admits that the April 24, 2014, Notice Letter explains in detail the factual and legal basis for Mylan Pharmaceuticals’ Paragraph IV certification that the claims of the ’396 patent are invalid or would not be infringed by Mylan Pharmaceuticals’ ANDA Product. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 55 of the Amended Complaint.

56. The April 24, 2014 Notice Letter does not allege non-infringement of Claims 1-28 of the ’396 Patent other than solely stating that the ’396 Patent is invalid.

**ANSWER:** Mylan admits that the April 24, 2014, Notice Letter speaks for itself and is the best source of its contents. Mylan admits that the April 24, 2014, Notice Letter explains in detail the factual and legal basis for Mylan Pharmaceuticals’ Paragraph IV certification that the claims of the ’396 patent are invalid or would not be infringed by Mylan Pharmaceuticals’ ANDA Product. Mylan admits that the April 24, 2014, Notice Letter did not specifically address non-infringement of the ’396 patent. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 56 of the Amended Complaint.

57. The April 24, 2014 Notice Letter does not provide the full and detailed statement of Mylan's factual and legal basis to support its non-infringement and invalidity allegations as to the '396 Patent.

**ANSWER:** Mylan denies the allegations in paragraph 57 of the Amended Complaint.

58. Accordingly, the April 24, 2014 Notice Letter fails to comply with the law, as specified in 21 U.S.C. § 355(j) and FDA rules and regulations, as specified in 21 C.F.R. § 314.95.

**ANSWER:** Mylan denies the allegations in paragraph 58 of the Amended Complaint.

59. By filing ANDA No. 20-6436 under 21 U.S.C. § 355(j) for the purposes of obtaining approval to engage in the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate before the '396 Patent's expiration, Mylan has committed an act of infringement of the '396 Patent under 35 U.S.C. § 271(e)(2).

**ANSWER:** Mylan denies the allegations of paragraph 59 of the Amended Complaint.

60. On information and belief, Mylan lacked a good faith basis for alleging invalidity when ANDA No. 20-6436 was filed and when the Paragraph IV certification was made. Mylan's ANDA and Paragraph IV certification is a wholly unjustified infringement of the '396 Patent.

**ANSWER:** Mylan denies the allegations of paragraph 60 of the Amended Complaint.

61. Mylan's submission of ANDA No. 20-6436 and service of the April 24, 2014 Notice Letter indicates a refusal to change its current course of action.

**ANSWER:** Mylan denies the allegations of paragraph 61 of the Amended Complaint.

62. On information and belief, the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate for which Mylan seeks approval in ANDA No. 20-6436, if approved, will infringe one or more claims of the '396 Patent.

**ANSWER:** Mylan denies the allegations of paragraph 62 of the Amended Complaint.

63. The April 24, 2014 Notice Letter does not allege and does not address unenforceability of any claims of the '396 Patent. By not addressing unenforceability of any claims of the '396 Patent in its April 24, 2014 Notice Letter, Mylan admits that all of the claims of the '396 Patent are enforceable.

**ANSWER:** Mylan denies the allegations of paragraph 63 of the Amended Complaint.

**RESPONSES TO ALLEGATIONS PERTAINING TO COUNT 3**
**Responses to Allegations of Infringement of U.S. Patent No. 8,592,397**

64. Plaintiffs repeat and reallege paragraphs 1-31 and 35-36 above as if set forth herein.

**ANSWER:** Mylan reasserts and incorporates by reference its answers to paragraphs 1-31 and 35-36 above as if fully set forth herein.

65. On information and belief, Mylan submitted or caused to be submitted an Abbreviated New Drug Application ("ANDA"), specifically ANDA No. 20-6436, to the FDA seeking approval to engage in the commercial manufacture, use, sale and/or importation of tablets containing the combination of 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate for the purpose of treating HIV infection.

**ANSWER:** Paragraph 65 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Mylan admits that Mylan Pharmaceuticals filed ANDA No. 20-6436 with the FDA seeking approval to market Mylan Pharmaceuticals' ANDA Product. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 65 of the Amended Complaint.

66. On information and belief, ANDA No. 20-6436 seeks approval to manufacture, use, sell and/or import a combination tablet containing emtricitabine and tenofovir disoproxil fumarate for the purpose of treating HIV infection.

**ANSWER:** Paragraph 66 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Mylan admits that Mylan Pharmaceuticals filed ANDA No. 20-6436 with the FDA seeking approval to market Mylan Pharmaceuticals' ANDA Product. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 66 of the Amended Complaint.

67. By letter dated April 24, 2014 pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) (the "April 24, 2014 Notice Letter"), Mylan notified Plaintiffs that it had submitted ANDA No. 20-6436 to the FDA seeking approval to engage in the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of

emtricitabine and 300 mg of tenofovir disoproxil fumarate prior to the expiration of the ’397 Patent.

**ANSWER:** Mylan admits that by the April 24, 2014, Notice Letter, in accordance with 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95, Mylan Pharmaceuticals notified Plaintiffs that Mylan Pharmaceuticals had submitted ANDA No. 20-6436 with a Paragraph IV certification seeking approval of Mylan Pharmaceuticals’ ANDA Product prior to the expiration of the ’397 Patent. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 67 of the Amended Complaint.

68. In its April 24, 2014 Notice Letter, Mylan notified Plaintiffs that, as a part of ANDA No. 20-6436, it had filed a certification of the type described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (“Paragraph IV”) with respect to the ’397 Patent. This statutory section requires, *inter alia*, certification by the ANDA applicant, in its opinion and to the best of its knowledge, that the subject patent, here the ’397 Patent, “is invalid or will not be infringed by the manufacture, use or sale of the new drug for which the application is submitted . . . .” The statute (21 U.S.C. § 355(j)(2)(B)(iv)(II)) also requires a Paragraph IV Notice Letter to “include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed.” The FDA Rules and Regulations (21 C.F.R. § 314.95(c)(6)) further require that the detailed statement include, “(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed” and “(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegations.”

**ANSWER:** Paragraph 68 contains legal conclusions and allegations to which no answer is required. Mylan admits that 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(6) speak for themselves and are the best source for their respective contents. Mylan further admits that by the April 24, 2014, Notice Letter, Mylan Pharmaceuticals provided notification of the Paragraph IV certification pursuant to sections 505(j)(2)(B) of the Federal Food, Drug and Cosmetic Act and 21 C.F.R. § 314.95 regarding, *inter alia*, the ’397 patent in connection with ANDA No. 20-6436, as well as a detailed statement of the factual and legal basis for the Paragraph IV

certification. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 68 of the Amended Complaint.

69. Mylan alleged in its April 24, 2014 Notice Letter that Claims 1-6, 14-16 and 18-26 of the '397 Patent are invalid and Claims 7-13 and 17 of the '397 Patent would not be infringed by the commercial manufacture, use, sale and/or importation of its proposed product that is the subject of ANDA No. 20-6436.

**ANSWER:** Mylan admits that the April 24, 2014, Notice Letter speaks for itself and is the best source of its contents. Mylan admits that the April 24, 2014, Notice Letter explains in detail the factual and legal basis for Mylan Pharmaceuticals' Paragraph IV certification that the claims of the '397 patent are invalid or would not be infringed by Mylan Pharmaceuticals' ANDA Product. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 69 of the Amended Complaint.

70. The April 24, 2014 Notice Letter does not allege non-infringement of Claims 1-6, 14-16 and 18-26 of the '397 Patent other than solely stating that the '397 Patent is invalid.

**ANSWER:** Mylan admits that the April 24, 2014, Notice Letter speaks for itself and is the best source of its contents. Mylan admits that the April 24, 2014, Notice Letter explains in detail the factual and legal basis for Mylan Pharmaceuticals' Paragraph IV certification that the claims of the '397 patent are invalid or would not be infringed by Mylan Pharmaceuticals' ANDA Product. Mylan admits that the April 24, 2014, Notice Letter did not specifically address non-infringement of the '397 patent. To the extent not expressly admitted herein, Mylan denies the remaining allegations in paragraph 70 of the Amended Complaint.

71. The April 24, 2014 Notice Letter does not provide the full and detailed statement of Mylan's factual and legal basis to support its non-infringement and invalidity allegations as to the '397 Patent.

**ANSWER:** Mylan denies the allegations in paragraph 71 of the Amended Complaint.

72. Accordingly, the April 24, 2014 Notice Letter fails to comply with the law, as specified in 21 U.S.C. § 355(j) and FDA rules and regulations, as specified in 21 C.F.R. § 314.95.

**ANSWER:** Mylan denies the allegations in paragraph 72 of the Amended Complaint.

73. By filing ANDA No. 20-6436 under 21 U.S.C. § 355(j) for the purposes of obtaining approval to engage in the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate before the ’397 Patent’s expiration, Mylan has committed an act of infringement of the ’397 Patent under 35 U.S.C. § 271(e)(2).

**ANSWER:** Mylan denies the allegations of paragraph 73 of the Amended Complaint.

74. On information and belief, Mylan lacked a good faith basis for alleging invalidity when ANDA No. 20-6436 was filed and when the Paragraph IV certification was made. Mylan’s ANDA and Paragraph IV certification is a wholly unjustified infringement of the ’397 Patent.

**ANSWER:** Mylan denies the allegations of paragraph 74 of the Amended Complaint.

75. Mylan’s submission of ANDA No. 20-6436 and service of the April 24, 2014 Notice Letter indicates a refusal to change its current course of action.

**ANSWER:** Mylan denies the allegations of paragraph 75 of the Amended Complaint.

76. On information and belief, the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate for which Mylan seeks approval in ANDA No. 20-6436, if approved, will infringe one or more claims of the ’397 Patent.

**ANSWER:** Mylan denies the allegations of paragraph 76 of the Amended Complaint.

77. On information and belief, the tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate for the use for which Mylan seeks approval in ANDA No. 20-6436, if approved, will be administered to human patients in an effective amount for treating HIV infection. This administration will infringe one or more claims of the ’397 Patent. On information and belief, this administration will occur at Mylan’s active behest and with its intent, knowledge and encouragement. On information and belief, Mylan will actively encourage, aid and abet this administration with knowledge that it is in contravention of Plaintiffs’ rights under the ’397 Patent. Further, by filing ANDA No. 20-6436 with a Paragraph IV certification, Mylan admits that it has knowledge of the ’397 Patent.

**ANSWER:** Mylan denies the allegations of paragraph 77 of the Amended Complaint.

78. The April 24, 2014 Notice Letter does not allege and does not address unenforceability of any claims of the ’397 Patent. By not addressing unenforceability of any claims of the ’397 Patent in its April 24, 2014 Notice Letter, Mylan admits that all of the claims of the ’397 Patent are enforceable..

**ANSWER:** Mylan denies the allegations of paragraph 78 of the Amended Complaint.

79. This case is an exceptional one because, inter alia, Mylan lacks a good faith belief in its April 24, 2014 Notice Letter to assert the invalidity and/or non-infringement of the ’245, ’396 and ’397 Patents, and Plaintiffs are entitled to an award of their reasonable attorney fees under 35 U.S.C. § 285.

**ANSWER:** Mylan denies the allegations of Paragraph 79 of the Amended Complaint.

## GENERAL DENIAL

Any allegation in Plaintiffs’ Complaint not expressly admitted by Mylan is hereby denied. Having answered Plaintiffs’ Complaint, Mylan denies that Plaintiffs are entitled to the relief requested in Plaintiffs’ Relief Sought or to any relief whatsoever.

## SEPARATE DEFENSES

Without prejudice to the denials set forth in its Answer to the Complaint, and without admitting any allegations of the Complaint not otherwise admitted, Mylan asserts the following separate defenses to the Complaint without assuming the burden of proof on any such defense that would otherwise rest on the Plaintiffs:

## FIRST SEPARATE DEFENSE

The manufacture, use, or sale, offer for sale, or importation of the product that is the subject of Mylan’s ANDA No. 20-6436 has not infringed, does not infringe, and would not, if marketed, manufactured, used, sold, offered for sale, or imported, infringe any valid or enforceable claim of the ’245, ’396 and ’397 patents.

**SECOND SEPARATE DEFENSE**

One or more claims of the ’245, ’396 and ’397 patents are invalid for failure to satisfy one or more of the conditions for patentability contained in 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, and/or for obviousness-type double patenting.

**THIRD SEPARATE DEFENSE**

By virtue of the prosecution proceedings before the United States Patent and Trademark Office of the patent applications leading to the ’245, ’396 and ’397 patents, Plaintiffs are estopped from maintaining that any valid or enforceable claim of the ’245, ’396 and ’397 patents is infringed by the product that is the subject of Mylan’s ANDA No. 20-6436.

**FOURTH SEPARATE DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted.

**FIFTH SEPARATE DEFENSE**

This Court lacks personal jurisdiction over Mylan Inc.

**SIXTH SEPARATE DEFENSE**

Any and all additional defenses and counterclaims that discovery may reveal.

**COUNTERCLAIMS**

For its counterclaims against Plaintiffs/Counterclaim Defendants Gilead Sciences, Inc. (“Gilead”) and Emory University (“Emory”) (collectively, “Plaintiffs”), Defendant/Counterclaim Plaintiff Mylan Pharmaceuticals Inc. (“Mylan Pharmaceuticals” or “Defendant”) states as follows:

## PARTIES

1. Upon information and belief, Gilead purports and claims to be a corporation organized and existing under the laws of Delaware with its corporate headquarters at 333 Lakeside Drive, Foster City, California 94404.

2. Upon information and belief, Emory purports and claims to be a non-profit corporation organized and existing under the laws of Georgia with its corporate headquarters at 201 Dowman Drive, Atlanta, Georgia 30322.

3. Mylan Pharmaceuticals is a corporation organized under the laws of the State of West Virginia, having a place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505.

## JURISDICTION AND VENUE

4. These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. The Court has original jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Plaintiffs because Plaintiffs have availed themselves of the rights and privileges of this forum by filing suit against Mylan in this judicial District and, upon information and belief, because of Plaintiffs' systematic and continuous contacts with West Virginia by virtue of Plaintiffs' sales and distribution of drugs for which U.S. Patent Nos. 6,642,245 ("the '245 patent"), 6,703,396 ("the '396 patent") and/or 8,592,397 ("the '397 patent") are listed in *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book"), such as the drug branded as Truvada®, for sale and use in West Virginia.

7. Venue for these Counterclaims is proper in this judicial District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## PATENT IN SUIT

8. On or about November 4, 2003, the United States Patent and Trademark Office ("USPTO") issued the '245 patent, entitled "Antiviral Activity and Resolution of 2-Hydroxymethy1-5-(5-fluorocytosinl-y1)-1,3-oxathiolane." Emory is indicated in the records of the USPTO as the owner or assignee of the '245 patent.

9. On or about March 9, 2004, the USPTO issued the '396 patent, entitled "Method of Resolution and Antiviral Activity of 1,3-Oxathiolane Nucleoside Enantiomers." Emory is indicated in the records of the USPTO as the owner or assignee of the '396 patent.

10. On or about November 26, 2013, the USPTO issued the '397 patent, entitled "Compositions and Methods for Combination Antiviral Therapy." Gilead is indicated in the records of the USPTO as the owner or assignee of the '397 patent.

11. Upon information and belief, Gilead is indicated in the records of the United States Food and Drug Administration as the holder of New Drug Application No. 21-752 for 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate, marketed by Gilead as Truvada®.

12. The '245, '396 and '397 patents are listed in the electronic version of the Orange Book in association with Truvada®.

13. In accordance with 21 U.S.C. § 355(j)(2)(B), Mylan Pharmaceuticals notified Plaintiffs in writing by a letter dated April 24, 2014, (the "April 24, 2014, Notice Letter") that it had filed ANDA No. 20-6436 with a certification provided for in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the '245, '396 and '397 patents are invalid,

unenforceable, and/or will not be infringed by the product that is the subject of ANDA No. 20-6436.

14. In accordance with 21 U.S.C. § 355(j)(2)(B)(iv)(ii), the April 24, 2014, Notice Letter included a detailed statement of the factual and legal basis for the certification that the ’245, ’396 and ’397 patents are invalid, unenforceable, and/or will not be infringed by the product that is the subject of ANDA No. 20-6436.

15. On June 9, 2014, Plaintiffs filed a Complaint in this court against Defendants alleging infringement of the ’245, ’396 and ’397 patents. On June 27, 2014, Plaintiffs filed an Amended Complaint in this action, again alleging infringement of the ’245, ’396 and ’397 patents.

**FIRST CLAIM FOR RELIEF**
(Declaratory Judgment of Non-Infringement of the ’245 Patent)

16. Mylan Pharmaceuticals restates and realleges each of the foregoing paragraphs as if fully set forth herein.

17. Plaintiffs have accused Mylan Pharmaceuticals of infringing the ’245 patent.

18. Mylan Pharmaceuticals denies infringement of the ’245 patent and alleges that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan Pharmaceuticals’ ANDA No. 20-6436 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the ’245 patent.

19. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Mylan Pharmaceuticals and Plaintiffs regarding the infringement of the ’245 patent.

20. Mylan Pharmaceuticals is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan Pharmaceuticals' ANDA No. 20-6436 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the '245 patent.

## SECOND CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the '396 Patent)

21. Mylan Pharmaceuticals restates and realleges each of the foregoing paragraphs as if fully set forth herein.

22. Plaintiffs have accused Mylan of infringing the '396 patent.

23. Mylan Pharmaceuticals denies infringement of the '396 patent and alleges that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan Pharmaceuticals' ANDA No. 20-6436 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the '396 patent.

24. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Mylan Pharmaceuticals and Plaintiffs regarding the infringement of the '396 patent.

25. Mylan Pharmaceuticals is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan Pharmaceuticals' ANDA No. 20-6436 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly or

contributorily, and would not induce infringement of, any valid or enforceable claim of the ’396 patent.

**THIRD CLAIM FOR RELIEF**
(Declaratory Judgment of Non-Infringement of the ’397 Patent)

26. Mylan Pharmaceuticals restates and realleges each of the foregoing paragraphs as if fully set forth herein.

27. Plaintiffs have accused Mylan Pharmaceuticals of infringing the ’397 patent.

28. Mylan Pharmaceuticals denies infringement of the ’397 patent and alleges that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan Pharmaceuticals’ ANDA No. 20-6436 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the ’397 patent.

29. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Mylan Pharmaceuticals and Plaintiffs regarding the infringement of the ’397 patent.

30. Mylan Pharmaceuticals is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan Pharmaceuticals’ ANDA No. 20-6436 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the ’397 patent.

**FOURTH CLAIM FOR RELIEF**
(Declaratory Judgment of Invalidity of the ’245 Patent)

31. Mylan Pharmaceuticals restates and realleges each of the foregoing paragraphs as if fully set forth herein.

32. Plaintiffs have accused Mylan Pharmaceuticals of infringing the ’245 patent.

33. Mylan Pharmaceuticals denies infringement of the ’245 patent and alleges that the claims of the ’245 patent is invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Patent Code, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or for obviousness-type double patenting.

34. For example, one or more claims of the ’245 patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103 over one or more of at least the following: European Publication No. 0382526; Kim et al., *Potential Anti-AIDS Drugs, 2’,3’-Dideoxycytidine analogues*, 30 J. Med. Chem. 862-66 (1987); and/or European Publication No. 0285844.

35. There is a definite and concrete, real and substantial, justiciable and continuing case or controversy between Mylan Pharmaceuticals and Plaintiffs regarding the infringement and validity of the ’245 patent that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

36. Mylan Pharmaceuticals is entitled to a judicial declaration that one or more of the claims of the ’245 patent are invalid.

**FIFTH CLAIM FOR RELIEF**
(Declaratory Judgment of Invalidity of the ’396 Patent)

37. Mylan Pharmaceuticals restates and realleges each of the foregoing paragraphs as if fully set forth herein.

38. Plaintiffs have accused Mylan Pharmaceuticals of infringing the ’396 patent.

39. Mylan Pharmaceuticals denies infringement of the ’396 patent and alleges that the claims of the ’396 patent is invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Patent Code, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or for obviousness-type double patenting.

40. For example, one or more claims of the ’396 patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103 over one or more of at least the following: European Publication No. 0382526; Kim et al., *Potential Anti-AIDS Drugs, 2’,3’-Dideoxycytidine analogues*, 30 J. Med. Chem. 862-66 (1987); and/or European Publication No. 0285844.

41. There is a definite and concrete, real and substantial, justiciable and continuing case or controversy between Mylan Pharmaceuticals and Plaintiffs regarding the infringement and validity of the ’396 patent that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

42. Mylan Pharmaceuticals is entitled to a judicial declaration that one or more of the claims of the ’396 patent are invalid.

**SIXTH CLAIM FOR RELIEF**
(Declaratory Judgment of Invalidity of the ’397 Patent)

43. Mylan Pharmaceuticals restates and realleges each of the foregoing paragraphs as if fully set forth herein.

44. Plaintiffs have accused Mylan Pharmaceuticals of infringing the ’397 patent.

45. Mylan Pharmaceuticals denies infringement of the ’397 patent and alleges that the claims of the ’397 patent is invalid for failure to comply with one or more of the requirements for

patentability set forth in Title 35 of the U.S. Patent Code, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or for obviousness-type double patenting.

46. For example, one or more claims of the ’397 patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103 over one or more of at least the following: U.S. Patent Application No. 2001/0033864; Ristig et al., *Tenofovir Disoproxil Fumarate Therapy for Chronic Hepatitis B in Human Immunodeficiency Virus/Hepatitis B Virus-Coinfected Individuals for Whom Interferon-a and Lamivudine Therapy Have Failed*, 186 JID 1844-47 (2002); Rosenbach et al., *Daily Dosing of Highly Active Antiretroviral Therapy*, 34 CID 686-92 (2002); Viread Prescribing Information; and/or ICH Stability Guidelines.

47. There is a definite and concrete, real and substantial, justiciable and continuing case or controversy between Mylan Pharmaceuticals and Plaintiffs regarding the infringement and validity of the ’397 patent that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

48. Mylan Pharmaceuticals is entitled to a judicial declaration that one or more of the claims of the ’397 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Mylan Pharmaceuticals respectfully prays for judgment in its favor and against Plaintiffs:

(a) Declaring that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan Pharmaceuticals’ ANDA No. 20-6436 has not infringed, does not infringe and would not infringe any valid or enforceable claim of the ’245, ’396 and ’397 patents, either literally or under the doctrine of equivalents;

(b) Declaring that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan Pharmaceuticals' ANDA No. 20-6436 has not infringed, does not infringe and would not induce the infringement of any valid or enforceable claim of the '245, '396 and '397 patents;

(c) Declaring that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan Pharmaceuticals' ANDA No. 20-6436 has not infringed, does not infringe and would not contributorily infringe any valid or enforceable claim of the '245, '396 and '397 patents;

(d) Declaring that the claims of the '245, '396 and '397 patents are invalid;

(e) Ordering that Plaintiff's Complaint be dismissed with prejudice and judgment entered in favor of Mylan Pharmaceuticals;

(f) Declaring this case exceptional and awarding Mylan Pharmaceuticals its reasonable attorney's fees and costs of these Counterclaims pursuant to 35 U.S.C. § 285; and

(g) Awarding Mylan Pharmaceuticals such other and further relief as the Court may deem just and proper.

Respectfully submitted this 2nd day of September, 2014.

**STEPTOE & JOHNSON PLLC**

/s/ ***Gordon H. Copland***
Gordon H. Copland (WV Bar #828)
gordon.copland@steptoe-johnson.com
William J. O'Brien (WV Bar #10549)
william.obrien@steptoe-johnson.com
400 White Oaks Boulevard
Bridgeport, WV 26330
Telephone: (304) 933-8000
Facsimile: (304) 933-8183

*Of counsel:*

Timothy H. Kratz (tkratz@mcguirewoods.com)
George J. Barry III (gbarry@mcguirewoods.com)
Jessica M. Hauth (jhauth@mcguirewoods.com)
Meghan M. Rachford
(mrachford@mcguirewoods.com)
**MCGUIREWOODS LLP**
1230 Peachtree Street N.E., Suite 2100
Atlanta, Georgia 30309-3534
404-443-5500
404-443-5599 (facsimile)

Cedric C.Y. Tan (ctan@mcguirewoods.com)
**MCGUIREWOODS LLP**
2001 K Street N.W., Suite 400
Washington, DC 20006
202-857-1700
202-857-1737 (facsimile)

*Attorneys and Trial Counsel for*
*Mylan Inc. and Mylan Pharmaceuticals Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2014, I electronically filed the foregoing "Answer, Defenses and Counterclaims of Mylan Pharmaceuticals Inc. and Mylan Inc." with the clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Frank E. Simmerman, Jr., Esquire
Frank Edward Simmerman , III, Esquire
Chad L. Taylor, Esquire
Simmerman Law Office, PLLC
254 East Main Street
Clarksburg, WV 26301

Christopher Borello, Esquire (*pro hac vice*)
Fitzpatrick, Cella, Harper & Scinto
1290 Avenue of the Americas
New York, NY 10104

Colleen Tracy James, Esquire (*pro hac vice*)
Mayer Brown LLP
1675 Broadway
New York, NY 10019

David B. Bassett, Esquire (*pro hac vice*)
Wilmer Cutler Bickering Halle Dorr
7 World Trade Center
250 Greenwich Street
New York, NY 10007
*Attorneys for Plaintiffs*
*Gilead Sciences, Inc. and Emory University*

**STEPTOE & JOHNSON PLLC**

**/s/ *Gordon H. Copland***

Gordon H. Copland (WV Bar #828)
gordon.copland@steptoe-johnson.com
William J. O'Brien (WV Bar #10549)
william.obrien@steptoe-johnson.com
400 White Oaks Boulevard
Bridgeport, WV 26330
Telephone: (304) 933-8000
Facsimile: (304) 933-8183