IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| GILEAD SCIENCES, INC. and EMORY UNIVERSITY,<br><br>                Plaintiffs,<br>v.<br><br>MYLAN INC. and MYLAN PHARMACEUTICALS INC.,<br><br>                Defendants. | Civil Action No. 1:14-cv-99 (IMK) |

### REPORT OF THE PARTIES' INITIAL PLANNING MEETING

Pursuant to the Court's Order dated August 19, 2014 (Docket No. 25), the parties hereby submit this Report of the Parties' Initial Planning Meeting, and represent as follows:

1. The following persons participated in a Rule 26(f) conference on August 27, 2014 by telephone:

   a) Vinita Ferrera and Kate Saxton (Wilmer Cutler Pickering Hale and Dorr LLP); Colleen Tracy James (Mayer Brown); Chris Borello and Natalie Lieber (Fitzpatrick Cella Harper & Scinto); and Chad L. Taylor and Frank E. Simmerman, Jr. (Simmerman Law Office PLLC), representing Plaintiffs.

   b) George J. Barry, III, Meghan M. Rachford, and Jessica M. Hauth (McGuireWoods LLP); Gordon Copeland (Steptoe & Johnson LLP), representing Defendants Mylan Inc. and Mylan Pharmaceuticals Inc. (collectively, "Defendants").

2. Initial Disclosures:  The parties will complete the initial disclosures required by Rule 26(a)(1) by October 6, 2014.

3. Discovery Plan:  The parties propose the following discovery plan:

   a) Discovery needs to be on the following matters:

      i) Infringement of U.S. Patent Nos. 6,642,245 (the "'245 patent"), 6,703,396 (the "'396 patent"), and 8,592,397 (the "'397 patent")

      ii) Validity of the '245, '396, and '397 patents.

    b)    The '245 and '396 patents have previously been asserted by Plaintiffs in the following actions:  *Gilead Sciences, Inc. et al. v. Teva Pharmaceuticals USA, Inc. et al.*, Civil Action No. 08-10838-RJS; *Gilead Sciences, Inc. et al. v. Lupin Limited*, Civil Action No. 12-06293-RJS; and *Gilead Sciences, Inc. et al. v. CIPLA Limited*, Civil Action No. 12-06350-RJS.  Civil Action No. 08-10838 was tried to Judge Sullivan in the Southern District of New York, but settled before the Court issued a decision.  Civil Action Nos. 12-06293 and 12-06350 were settled prior to trial, but following the completion of substantial fact and expert discovery.  In order to minimize the burden to the Court and the parties to this Action, Plaintiffs agree to produce documents that they produced in the foregoing lawsuits and the portions of written discovery, expert reports, expert declarations, and deposition transcripts from the foregoing lawsuits that do not contain third party confidential information.  Plaintiffs further agree to make such production as early in the discovery period as practicable, subject to the parties reaching agreement on appropriate measures to safeguard the confidentiality of such materials.  Defendants will diligently review the produced material and endeavor not to duplicate discovery taken in the prior litigations.  Defendants do not agree to limit their ability to conduct discovery at this time, however, and, for example, reserve the right to depose witnesses who may previously have been deposed in other litigation.

    c)    The parties propose the below schedule for discovery and pretrial disclosures.  To the extent the parties have been unable to agree on a date, the dispute is set forth in the below chart.  With regard to expert discovery, it is Plaintiffs' position that Defendants' proposed schedule, which provides less than one month between each of opening, rebuttal and reply expert reports, and approximately a month for expert depositions is inadequate.  Plaintiffs therefore propose a longer period for expert discovery (approximately 6 weeks between opening and rebuttal reports, 3 weeks for reply reports, and two months for expert depositions), which Plaintiffs believe is appropriate given the number of patents at issue in this litigation, the complexity of the technology relevant to this litigation (which involves, *inter alia*, nucleoside enantiomers effective for treatment of HIV), and the number of experts proffered by the parties in the related litigations described in 3(b).  By way of example, the parties to Civil Action 08-10838 (the Teva litigation) collectively offered 10 experts, and 20 experts in Civil Action Nos. 12-06293 and 12-06350 (the Cipla and Lupin litigations).  It is Defendants' position that the expert discovery period Defendants have proposed is adequate and necessary to

leave a sufficient amount of time for summary judgment briefing and for the Court to rule on summary judgment, if necessary.

| Event | Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Rule 26 Report | September 18, 2014 ||
| Scheduling Conference | September 25, 2014 ||
| Initial Disclosures | October 6, 2014 ||
| Exchange of proposed disputed terms/proposed constructions | January 8, 2015 ||
| Notify the Court whether claim construction is necessary | January 22, 2015 ||
| Close of fact discovery | May 28, 2015 ||
| Opening Claim Construction Brief | February 19, 2015 ||
| Rebuttal Claim Construction Brief | March 12, 2015 ||
| *Markman Hearing* | April 9, 2015 (or as soon thereafter is convenient for the Court) ||
| Opening expert reports on those issues for which the parties bear the burden of proof | July 9, 2015 ||
| Rebuttal expert reports | August 21, 2015 | August 6, 2015 |
| Reply expert reports | September 11, 2015 | August 27, 2015 |
| Close of expert discovery | November 20, 2015 | September 24, 2015 |
| Dispositive motions/*Daubert* motions to be filed | January 15, 2016 | November 5, 2015 |
| Response to summary | February 5, 2016 (LR | November 26, 2015 (LR |

- 3 -

| | | |
|---|---|---|
| judgment/*Daubert* motion | 7.02(b)(1)) | 7.02(b)(1)) |
| Reply in support of summary judgment/*Daubert* motion | February 19, 2016 (LR 7.02(b)(2)) | December 10, 2015 (LR 7.02(b)(2)) |
| Summary judgment/*Daubert* hearing | March 18, 2016 (if convenient for the Court) | January 7, 2016 (if convenient for the Court) |
| Pretrial order due | One week before pretrial conference (LR 16.04(b)) ||
| Pretrial Conference | Plaintiffs request a post discovery conference to be held to discuss setting of dates for pre-trial and trial proceedings. | One week before first day of trial |
| Case ready for trial | As early as April 25, 2016 | March 21, 2016 |

    d)    All discovery limitations shall be as provided by Federal and/or local rules; provided that the parties agree that such limits may be exceeded by mutual agreement, which shall not be unreasonably withheld, or by leave of Court.

4.    <u>Other Items</u>:

    a)    The parties agree that service of documents may occur via electronic mail, though service by electronic mail is not required. Documents served by electronic mail are subject to Federal Rule of Civil Procedure 6(d) for purposes of calculating service and/or filing of pleadings and filings.

5.    <u>Local Rule of Civil Procedure 16.01 Supplement</u>:

    a)    The parties do not believe this case should be designated as complex.

    b)    The parties will attempt to reach agreement regarding the specific facts that are in dispute.

    c)    The parties do not consent to trial by magistrate judge.

    d)    The parties have considered alternative dispute resolution and do not believe it would be beneficial at this time. The parties agree to revisit this issue at a later date as appropriate.

    e)    The matters to be discussed at the scheduling conference include the discovery plan set forth in item 3 above.

ActiveUS 136099331v.1
ActiveUS 136111838v.1

Dated: September 18, 2014

Respectfully submitted,

| | |
|---|---|
| */s/Chad L. Taylor* | */s/Gordon H. Copland* |
| Colleen Tracy (CT 8377) (pro hac vice) | Gordon H. Copland (WV Bar #828) |
| MAYER BROWN LLP |   gordon.copland@steptoe-johnson.com |
| 1675 Broadway | William J. O'Brien (WV Bar #10549) |
| New York, NY 10019 |   william.obrien@steptoe-johnson.com |
| (212) 506-2122 | 400 White Oaks Boulevard |
| (212) 849-5539 (fax) | Bridgeport, WV 26330 |
| ctracyjames@mayerbrown.com | Telephone: (304) 933-8000 |
| | Facsimile: (304) 933-8183 |
| David B. Bassett (DB 8727) (pro hac vice) | |
| WILMER CUTLER PICKERING HALE | *Of counsel:* |
|   AND DORR LLP | |
| 7 World Trade Center | Timothy H. Kratz |
| 250 Greenwich Street | (tkratz@mcguirewoods.com) |
| New York, NY 10007 | George J. Barry III |
| (212) 230-8858 | (gbarry@mcguirewoods.com) |
| (212) 230-8888 (fax) | Jessica M. Hauth |
| david.bassett@wilmerhale.com | (jhauth@mcguirewoods.com) |
| | Meghan M. Rachford |
| Christopher Borello (pro hac vice) | (mrachford@mcguirewoods.com) |
| FITZPATRICK, CELLA, HARPER | **MCGUIREWOODS LLP** |
|   & SCINTO | 1230 Peachtree Street N.E., Suite 2100 |
| 1290 Avenue of the Americas | Atlanta, Georgia 30309-3534 |
| New York, NY 10104 | 404-443-5500 |
| (212) 218-2100 | 404-443-5599 (facsimile) |
| (212) 218-2200 (fax) | |
| cborello@fchs.com | Cedric C.Y. Tan (ctan@mcguirewoods.com) |
| | **MCGUIREWOODS LLP** |
| Frank E. Simmerman, Jr. (WV 3403) | 2001 K Street N.W., Suite 400 |
| Chad L. Taylor, Jr. (WV 10564) | Washington, DC 20006 |
| Frank E. Simmerman, III (WV 11589) | 202-857-1700 |
| SIMMERMAN LAW OFFICE, PLLC | 202-857-1737 (facsimile) |
| 254 E. Main St. | |
| Clarksburg, WV 26301-2170 | *Attorneys and Trial Counsel for* |
| 304-623-4900 | *Mylan Inc. and Mylan Pharmaceuticals Inc.* |
| 304-623-4906 (fax) | |
| fes@simmermanlaw.com | |
| clt@simmermanlaw.com | |
| trey@simmermanlaw.com | |

ActiveUS 136099331v.1
ActiveUS 136111838v.1

*Attorneys for Plaintiffs Gilead Sciences, Inc.
and Emory University*

ActiveUS 136099331v.1
ActiveUS 136111838v.1