**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

---

GILEAD SCIENCES, INC. and
EMORY UNIVERSITY,

                      Plaintiffs,

           v.

MYLAN INC. and MYLAN
PHARMACEUTICALS INC.,

                    Defendants.

Civil Action No. 1:14-cv-99 (IMK)

---

## <u>STIPULATED PROTECTIVE ORDER</u>

**WHEREAS**, each party to the above-captioned action ("Action") may seek discovery of documents, information, tangible things or other materials that may contain trade secrets or other confidential research, development, proprietary, or commercial information of other parties or third parties;

**NOW THEREFORE**, pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of Plaintiffs Gilead Sciences, Inc. ("Gilead") and Emory University ("Emory") and Defendants Mylan Inc. and Mylan Pharmaceuticals Inc. (collectively, "Mylan"), and for good cause shown, the Court hereby **ORDERS** the following:

         1.     This Stipulated Protective Order ("Order") shall govern the disclosure or production of information, documents and tangible things in connection with the Action. This includes, but is not limited to, interrogatories, requests for admission, requests for production, other discovery requests, discovery responses, affidavits, declarations, briefs, memoranda, and other papers filed with the Court. This Order also encompasses documents and information produced by parties to this litigation or by third parties (parties, persons, entities and third parties producing information are hereinafter referred to as the "Producing Party"). In the event that any

third party shall be called upon, by subpoena or otherwise, to provide or produce documents or information that may be designated as confidential information under this Order ("Protected Material"), such third party may elect to have its information treated in accordance with the terms of this Order by so notifying counsel for all parties in writing.  Upon service of such notice, such third party may designate documents, information, and testimony as Protected Material in the manner set forth in this Protective Order, and such third party's designated information shall be protected in the same manner as that of the parties to this litigation.

2.     Each page of each document produced in discovery shall, to the extent practicable, bear a prefix identifying the Producing Party and a unique identifying number, such as a Bates number.  Likewise, each discrete unit of each tangible thing produced in discovery shall, to the extent practicable, also bear such identification.

3.     Each Producing Party may designate any information, document or tangible thing to be disclosed or produced to any other person or entity ("Receiving Party") as "CONFIDENTIAL" if:  (a) the Producing Party claims in good faith that such information, document or tangible thing comprises or contains trade secret or other confidential research, development, proprietary, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G);  and (b) the Producing Party gives notice, as provided in this Order, that such information, document or tangible thing comprises or contains CONFIDENTIAL information.

(a)     The designation of material as CONFIDENTIAL information by the Producing Party constitutes the representation of that party that:  (1) the designated material comprises or contains trade secret or other confidential research, development, proprietary, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G); and

(2) good cause exists for restricting its disclosure and/or dissemination on the ground that harm would result from its disclosure.  CONFIDENTIAL information may include, but is not limited to information which contains or comprises information related to any of the following categories:   non-publicly available patent prosecution, unpublished research, laboratory notebooks, non-public research and development of products, New Drug Applications, Abbreviated New Drug Applications, potential products, sales information, costs information, regulatory plans and/or filings, marketing information, financial information, personnel information, personal information and/or identities of physicians and patients, licenses, agreements, business plans, and information that constitutes, reflects, or concerns trade secrets, know-how, proprietary data, business, financial, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the Producing Party

   (b) The CONFIDENTIAL designation shall be displayed clearly on each page of any designated document or information and on each discrete unit of any tangible thing.

   (c) All information, documents or things to be produced in tangible form that the Producing Party wishes to designate as CONFIDENTIAL information must, prior to production to the Receiving Party, be labeled by the Producing Party with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or a suitable equivalent.

   (d) Information to be disclosed for inspection that the Producing Party wishes to designate as CONFIDENTIAL information may be collectively designated CONFIDENTIAL information for the purposes of inspection, without marking each item "CONFIDENTIAL," and such items will be treated as CONFIDENTIAL information under this Order, provided that, prior to such disclosure, such information be specified in a writing

provided to the Receiving Party (or orally, if followed by the necessary writing) that identifies the specified information as CONFIDENTIAL information.

(e)     All information to be disclosed orally (such as at a deposition or hearing) shall be automatically designated as CONFIDENTIAL information at the time of the deposition or hearing until thirty (30) days after the date the transcript becomes available. Thereafter, the information contained in the transcript will no longer be deemed CONFIDENTIAL information unless:  (1) in a writing sent to counsel for the Receiving Party before the expiration of the thirty-day period, counsel for the Producing Party claims in good faith that the transcript (or a specified portion of it) contains CONFIDENTIAL information; or (2) at the deposition or hearing, counsel for the Producing Party stated on the record that certain portions of the transcript contains CONFIDENTIAL information.

4.     A party's decision to designate or failure to designate information, documents, or tangible things shall not be considered an admission as to the nature or relevance of the designated material.  Furthermore, a party's failure to designate information, documents, or tangible things shall not prevent the party from designating such material at a later date.

5.     A party shall not be obligated to challenge the propriety of a designation at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto.  If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the Producing Party shall have the burden of proving that its designation was appropriate.

6.     Any information, document or tangible thing designated CONFIDENTIAL that is disclosed or produced in connection with this Action shall be maintained in strict confidence by the Receiving Party; shall be used solely in connection with

this Action, including any appeals, subject to any further order of this Court regarding confidentiality; and shall not be disclosed to, or used by, any individual or entity except as permitted by this Order.  By way of example only, no one that receives CONFIDENTIAL information from a Producing Party shall use such information in connection with any of the following activities:

(a)     communications with or proceedings before the United States Patent and Trademark Office, or any foreign equivalent thereof;

(b)     communications with or proceedings before the United States Food and Drug Administration, the United States Pharmacopeia, or any similar standard-setting organization, or any foreign equivalent thereof;

(c)     analyses, studies, and/or reports relating to any drug product other than Truvada, in development or on the market, whether in the United States or any other country;

(d)     other litigations proceeding or being considered, whether in the United States or any other country; or

(e)     business decisions including, but not limited to pricing, product design, and/or marketing for any drug product, including but not limited to Truvada, in development or on the market, whether in the United States or any other country.

7.     Access to CONFIDENTIAL information shall be strictly limited to the following persons:

(a)     Outside counsel for the Receiving Party, and the secretarial, clerical, paralegal and other supporting personnel of said outside counsel;

(b)      No more than four (4) specifically-designated in-house legal personnel per Party and their respective secretarial, clerical, paralegal and other supporting personnel, or if a Party does not employ in-house counsel with responsibilities for intellectual property matters, two (2) other employees whose responsibilities include patent and/or other intellectual property counseling and who have responsibility for the oversight of this Action and their respective secretarial, clerical, paralegal and other supporting.  Representatives designated under this section are persons who (i) will not engage, formally or informally, in any patent prosecution[1] of claims relating to emtricitabine and/or tenofovir disoproxil fumarate or compositions or formulations containing the same, or methods or process for making and using the same, and (ii) are not involved in the scientific development of products containing emtricitabine and/or tenofovir disoproxil fumarate or compositions or formulations containing the same, or methods or process for making and using the same for one year after termination of this Action (including any appeals).  Prior to receiving any CONFIDENTIAL information, the designated representatives shall be identified to the party or third party that designated the information and shall execute an Agreement To Be Bound by the Stipulated Protective Order (in the form attached as Exhibit B).  For each respective party, the specifically identified in-house legal personnel and their titles are set forth as follows:

(1)      For Gilead:  Lorie Ann Morgan, Greg Chopskie, Tashica Amirgholizadeh, and Brett Fletcher.

(2)      For Emory:  Christopher J. Kellner.

(3)      For Mylan:  Jill Ondos, Andrea Tiglio, and Thomas Jenkins.

Counsel may be substituted at any time on a one-for-one basis.  For the avoidance of doubt, the

---

[1] Reexamination and inter partes review are not included in "patent prosecution" as used herein.

exclusions on use of CONFIDENTIAL information set forth above do not apply specifically for

purposes of negotiating the settlement or other resolution of the above-captioned litigation.

(c)     Subject to Paragraph 10, outside experts or consultants for the

Receiving Party who are retained in connection with this Action, and their supporting personnel;

(d)     Non-technical trial consultants and graphics or design firms,

copying or database vendors and information technology consultants, including their supporting

personnel, that are retained by outside counsel for the Receiving Party for the purpose of

preparing demonstratives or other exhibits, databases, or material in connection with the Action;

(e)     Licensed court reporters and videographers employed in

connection with this Action;

(f)     This Court and its authorized personnel;

(g)     Any person agreed to in writing by the Producing Party; and

(h)     A witness testifying under oath if the witness is an officer, director

or employee of the Producing Party.  For the avoidance of doubt, the witness may only access

CONFIDENTIAL information of the organization for which it is an officer, director or

employee.

8.     The designated in-house legal personnel of the Receiving Party shall be

permitted to inspect and have access to all CONFIDENTIAL information and to discuss such

CONFIDENTIAL information with any other person identified in Paragraph 7.  However, the

designated in-house legal personnel may retain copies of documents designated or containing

CONFIDENTIAL information of a Producing Party only in a location exclusively within their

control (*e.g.*, in a secure office or in a locked file cabinet) or in a location that is controlled by

outside counsel.

9.     CONFIDENTIAL information may only be disclosed to experts or consultants, provided that:

(a)     Counsel desiring to disclose CONFIDENTIAL information to such an expert or consultant obtains a completed and signed agreement in the form of Exhibit A ("Agreement To Be Bound by the Stipulated Protective Order") attached hereto from the expert or consultant and forwards a copy of said completed and signed agreement and the expert's or consultant's current *curriculum vitae* to counsel for the Producing Party (via e-mail, with a request for receipt confirmation);

(b)     A period of ten (10) business days, commencing on the date of receipt by counsel for the Producing Party of an e-mailed copy of the expert's or consultant's completed and signed agreement and current *curriculum vitae*, has expired.  During the ten business day period, counsel for the Producing Party may object in good faith to the disclosure of CONFIDENTIAL information to the expert or consultant for cause (*e.g.*, an identified conflict of interest).  Such objection shall be made in writing and shall set forth with particularity the reasons for the objection.  If counsel for the Producing Party fails to object to such disclosure within the prescribed period, any objection to such disclosure shall be deemed waived, except as to a basis for objection that was not known and could not reasonably have been discovered within the ten-day period.  In the event that a good faith objection is made within the prescribed period, there shall be no disclosure of CONFIDENTIAL information to the expert or consultant until there is an express written agreement of the parties or order of this Court removing the objection.  The parties shall make a good-faith effort to reach agreement regarding disclosure to the expert or consultant.  In any motion to resolve the matter, the objecting party bears the burden of proving to the Court that the disclosure should not be made;

(c)     If the Producing Party timely objects to the consultant or expert, the parties shall meet and confer within five (5) business days of receipt of such objection to resolve the disagreement.  If the parties cannot resolve the dispute, or if the conference does not take place, the objecting party may, within five (5) business days after the five-day meet-and-confer period, move the Court for a protective order prohibiting the disclosure of CONFIDENTIAL information to the expert or consultant.  If the objecting party does not move the Court within five business days after the five-day meet-and-confer period, the objecting party will be deemed to have abandoned and waived its objection(s) to the disclosure.  If the objecting party files a timely motion to prohibit the disclosure, Protected Material shall not be disclosed to the consultant or expert for approval until the Court enters an Order permitting the disclosure or the Producing Party withdraws its objection.  The burden of demonstrating good cause for denying access to Protected Material shall rest with the objecting party.  No party shall use its right to object to a proposed consultant or expert to unreasonably interfere with the ability of another party to prepare for trial through the use of consultants and experts; and

(d)     It is understood and agreed that if, pursuant to this Order, a party identifies a person as a retained consultant or retained expert for this litigation, no other party shall contact the consultant or expert.

10.     All documents of any nature, including briefs, that are filed with the Court and (a) have been designated either as CONFIDENTIAL information, or (b) would disclose information from a document that is otherwise required to be filed under seal, shall be filed under seal and such filing shall be enclosed in a sealed envelope or other appropriate container. The sealed envelope or other appropriate container shall:  (a) show the caption of this action; (b) identify its contents; and (c) include the following legend:

> MATERIAL DESIGNATED AS CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER: This [envelope or container] is sealed pursuant to court order and contains material designated as CONFIDENTIAL information. The contents of this envelope must not be shown to any person except as authorized by the Protective Order in this action.

Pursuant to the agreement between the parties, the Court expressly authorizes the parties to file under seal, and directs the Clerk to accept, file, and maintain under seal, any document that has been designated by a party, in whole or in part, as CONFIDENTIAL information, without need for the parties to move to file under seal as may generally be required under Northern District of West Virginia L.R. Gen. P. 6.01, ECF Rule 12 or other rules. All such documents so filed shall remain under seal until further order of the Court to unseal such documents.

11.     The Parties filing any brief, memorandum, motion, letter or other document ("Filing") under seal with the Court because that Filing would disclose information from a document that is otherwise required to be filed under seal pursuant to the provisions of this Order shall file a redacted copy of the Filing for public inspection within seven (7) days.

12.     Upon the failure of the filing or lodging party to properly designate information, any party or third party who in good faith believes that designation under this Order and filing under seal is required may move the Court to file said information under seal within fourteen (14) calendar days of learning of the defective filing. Notice of such designation shall be given to all parties in the Action. Nothing in this provision relieves a party of liability for damages caused by failure to properly file CONFIDENTIAL information under seal. The burden of proving that such information should be sealed shall at all times remain on the party which has designated the information as CONFIDENTIAL information.

13.     CONFIDENTIAL information may be used, relied upon and referred to in any testimony or other evidence presented at any trial, hearing or deposition conducted in connection with this Action, so long as the person presenting such testimony or evidence is

authorized to have access to such CONFIDENTIAL information under the terms of this Order, and subject to any further order of this Court regarding confidentiality.  Furthermore, if a party intends to introduce or refer to CONFIDENTIAL information at any hearing or trial, the party wishing to make the disclosure shall first notify the Producing Party and provide them with an opportunity to object and/or to ask the Court to take appropriate precautionary procedures (*e.g.*, clearing the Courtroom, sealing the record, etc.).

       14.    This Order shall not limit a party's examination, at a deposition, hearing or at trial, of persons who are not authorized to receive CONFIDENTIAL information under the terms of this Order, so long as such examination concerns CONFIDENTIAL information that the witness authored or previously had access to or knowledge of, as demonstrated by the CONFIDENTIAL information itself or by foundation testimony obtained during a deposition, hearing or trial.  This Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored or previously had access to or knowledge of CONFIDENTIAL information.  However, an officer, director or employee of a Producing Party may be examined at a deposition, hearing or at trial regarding the Producing Party's CONFIDENTIAL information, whether or not that employee previously had access to or knowledge of the CONFIDENTIAL information.

       15.    Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of CONFIDENTIAL information; provided, however, that in rendering such advice the attorney shall not disclose any CONFIDENTIAL information received from another party or third party to unauthorized persons.

16.     A Receiving Party's acceptance of material designated CONFIDENTIAL information by a Producing Party shall not constitute an admission, or create an inference, that the material is in fact CONFIDENTIAL information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G).  This Order shall not foreclose any party from moving for an order that materials designated as containing CONFIDENTIAL information are not confidential within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G).  Prior to bringing such a motion, however, the Receiving Party shall first request in writing that the Producing Party change or remove its confidentiality designation.   If the Producing Party refuses to change its confidentiality designation within ten (10) business days of receiving the request in writing, the Receiving Party may move for an order changing or removing the designation.  On such a motion, the Producing Party shall have the burden of proving that the material it designated CONFIDENTIAL information embodies its trade secrets or other confidential research, development, proprietary, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) and as defined above in Paragraph 3.

17.     The disclosure or production of any information, document or tangible thing without one of the designations provided by Paragraph 3 of this Order shall not constitute a waiver of any claim of confidentiality.   Where such undesignated disclosure or production resulted from inadvertence or mistake on the part of the Producing Party, such inadvertence or mistake shall promptly be brought to the attention of the Receiving Party in writing after its discovery.   Along with the notice of such inadvertent or mistaken undesignated disclosure or production, the Producing Party shall provide properly designated documents or tangible things, if applicable.  Upon receipt of such notice and properly designated documents or tangible things, if applicable, the Receiving Party shall substitute properly designated copies for those previously

received and treat the information contained in or derived from said replaced documents or tangible things as CONFIDENTIAL information.  The Receiving Party also should return or certify the destruction of the improperly-designated documents or tangible things within five (5) business days of receipt of the replacement documents or tangible things.

18.     Should any CONFIDENTIAL information be disclosed by a Receiving Party to any person not authorized to have access to such information under this Order, the Receiving Party shall:  (a) use its best efforts to obtain the prompt return of any such CONFIDENTIAL information and to bind such person to the terms of this Order; (b) within three (3) business days of the discovery of such disclosure, inform such person of the provisions of this Order and identify such person to the Producing Party; and (c) request such person to sign an agreement in the form of Exhibit A attached hereto.  If executed, the agreement shall be served upon counsel of record for the Producing Party within three (3) business days of its receipt by the Receiving Party.  The requirements set forth in this Paragraph shall not prevent the Producing Party from applying to the Court for further or additional relief.

19.     Nothing in this Order shall be construed to require disclosure of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work product immunity or any other applicable privilege or immunity.  A Producing Party may produce a redacted version of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work product immunity or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "REDACTED – PRIVILEGED," or a similar marking.

20.     If a Producing Party inadvertently or mistakenly produces information, documents or tangible things in this Action that should have been withheld subject to a claim of attorney-client privilege, work product immunity or any other applicable privilege or immunity, such production shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege, work product immunity or any other applicable privilege or immunity for such information, provided that the Producing Party makes a good-faith representation within fourteen (14) days of discovering the inadvertent or mistaken disclosure that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure. Failure to make a good-faith representation and take prompt remedial action during the 14-day period shall constitute a waiver of any privilege or immunity with respect solely to the inadvertently or mistakenly disclosed documents or information, but in any event will not constitute a subject matter waiver with respect to inadvertently produced content. Within three (3) business days of receiving a written request to do so from the Producing Party, the Receiving Party shall return to the Producing Party any documents or tangible things that the Producing Party represents are covered by a claim of attorney-client privilege, work product immunity or other applicable privilege or immunity and were inadvertently or mistakenly produced. The Receiving Party shall also destroy or certify the destruction of all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information within five (5) business days; provided, however, that this Order shall not preclude the party returning such information from making a motion to compel production of the returned information. The Producing Party shall retain copies of all returned information, documents and tangible things for further disposition.

21.     If the discovery process calls for the production of information, documents or tangible things that a party cannot produce because its disclosure would breach an agreement with a third party to maintain such information in confidence, the Producing Party shall, no less than ten (10) business days before the date scheduled for production, give written notice to the third party that its information is subject to discovery in this Action and provide the third party with a copy of this Order.  At the same time such written notice is given to the third party, the Producing Party shall advise the Receiving Party of:  (a) the fact that such notice has been given; (b) the type of information being withheld; and (c) the name and address of the third party.  The requested information shall not be produced unless the third party so agrees or the requesting party secures a Court order compelling production.

22.     The restrictions and obligations set forth in this Order relating to CONFIDENTIAL information shall not apply to any information that:  (a) is already public knowledge; (b) has become public knowledge other than by a disclosure by a Receiving Party or the inadvertent disclosure by a Producing Party; (c) has come or hereafter comes into the Receiving Party's legitimate possession without any confidentiality restrictions and independently of the Producing Party; (d) was acquired from an entity having the right to disclose such information or material; or (e) was developed independently of the documents or information produced under this Order.  The restrictions and obligations set forth in this Order shall not prohibit discussions with any person or entity regarding any CONFIDENTIAL information if said person or entity already has legitimate possession thereof.

23.     In the event that a Receiving Party desires to provide access to CONFIDENTIAL information to any person not entitled to such access under this Order, the Receiving Party shall first request in writing an agreement to do so from the Producing Party.  If

the Producing Party refuses to enter into such an agreement within ten (10) business days, the Receiving Party may move the Court for an order that such person be given access thereto. In the event that the motion is granted, such person may have access to CONFIDENTIAL information after first signing an agreement in the form of Exhibit A attached hereto, a copy of which shall be forwarded promptly to counsel for the Producing Party, or under such other conditions as the parties to this Action may agree or this Court may order.

        24.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

        (a)     If CONFIDENTIAL information in the possession of any Receiving Party is subpoenaed by any court, administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under Rules 30-36 of the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body (such subpoena or discovery request collectively referred to as a "Third Party Request"), the party to whom the Third Party Request is directed shall give prompt written notice (including a copy of the Third Party Request) to the attorneys of record for the Producing Party, no more than five (5) business days after receiving the Third Party Request. The party receiving the Third Party Request must also promptly inform in writing the party who caused the Third Party Request to issue in the other action that some or all the material covered by the Third Party Request is subject to this Protective Order. The party

receiving the Third Party Request must deliver a copy of this Protective Order promptly to the party in the other action that caused the Third Party Request to issue.

(b)     A Producing Party shall bear the burden of seeking protection in court of its own CONFIDENTIAL information, and nothing in this Protective Order should be construed as authorizing or encouraging a party receiving a Third Party Request in this litigation to disobey a lawful directive from another court.  Subject to the terms of this Paragraph, disclosure of information in response to a properly issued Third Party Request shall not constitute a violation of this Protective Order if:  (i) the Producing Party was provided notice and an opportunity to seek an order limiting such disclosure but failed to seek or obtain such an order, or (ii) refusal to make such disclosure would be in violation of a court order or otherwise unlawful.

25.     This Order shall not prevent any party from applying to the Court for relief from this Order or for further or additional protective orders.

26.     Entering     into,     agreeing     to,     and/or     producing     or     receiving CONFIDENTIAL information, or otherwise complying with the terms of this Order shall not prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery.

27.     All persons in possession of CONFIDENTIAL information shall exercise reasonable and appropriate care with regard to the storage, custody, and use of such information in order to ensure that the provisions of this Protective Order are observed and the confidential nature of the information is maintained.

28.     A party may not assign or transfer any of its rights or obligations under the terms of this Protective Order without the prior written consent of the other party, except in

connection with a merger, a reorganized entity, change of control, or sale of all or substantially all of that portion of the business to which this Protective Order relates.

29.     Nothing in this Order shall prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or evidence subject to this Order.

30.     Notice under this Order shall be to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court:  notice to Gilead and Emory shall be to David B. Bassett of Wilmer Cutler Pickering Hale and Dorr LLP, Colleen Tracy James of Mayer Brown LLP, and Christopher Borello of Fitzpatrick, Cella, Harper, & Scinto, and notice to Mylan shall be to Thomas Krzeminski of Knobbe, Martens, Olson & Bear, LLP.  Such notice shall be provided at these parties' respective email/business addresses of record filed with this Court for this Action.

31.     This Order shall survive the termination of this Action.

(a)     This Court shall retain jurisdiction over the parties and this Order for the purposes of compliance with and enforcement of its terms, and the final termination of this Action shall not terminate this Order or its terms.

Within sixty (60) days after final termination of this Action, including any appeals, all CONFIDENTIAL information of a Producing Party in the possession, custody or control of a Receiving Party—or in the possession, custody or control of any person allowed access to such information under Paragraphs 7 of this Order—must either be:  (a) returned to outside counsel for the Producing Party; or (b) destroyed and such destruction certified in writing to outside counsel for the Producing Party.  Each party's outside litigation counsel shall have the right to retain archival copies of pleadings; motions, memoranda, documents and papers filed with the

Court; depositions; deposition exhibits, hearing transcripts and exhibits; the trial record; and notes, summaries, or other work product prepared by attorneys or outside experts or consultants, derived from or containing Protected Material. All other recipients of Protected Material shall certify in writing within sixty (60) calendar days of the termination of the litigation that they have complied with the provisions of this Paragraph.

IT IS SO ORDERED:

DATED: This _____ day of December, 2014.


_____
Honorable Irene M. Keeley
United States District Judge


The undersigned consent to the foregoing Stipulated Protective Order.


_/s/ Chad L. Taylor_____
Frank E. Simmerman, Jr. (WV 3403)
Chad L. Taylor (WV 10564)
Frank E. Simmerman, III (WV 11589)
SIMMERMAN LAW OFFICE, PLLC
254 E. Main St.
Clarksburg, WV 26301-2170
(304) 623-4900
(304) 623-4906 (fax)
fes@simmermanlaw.com
clt@simmermanlaw.com
trey@simmermanlaw.com

_Of Counsel:_

Colleen Tracy
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
(212) 506-2122

_/s/ William J. O'Brien_____
Gordon H. Copland (WV Bar #828)
William J. O'Brien (WV Bar #10549)
400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000
 (304) 933-8183 (fax)
gordon.copland@steptoe-johnson.com
william.obrien@steptoe-johnson.com

_Of Counsel:_

William R. Zimmerman
Jay R. Deshmukh
Christopher C. Kennedy
KNOBBE, MARTENS, OLSON &
BEAR LLP
1717 Pennsylvania Ave. NW, Ste. 900
Washington, DC  20006
(202) 640-6400

(212) 849-5539 (fax)
ctracyjames@mayerbrown.com

David B. Bassett
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8858
(212) 230-8888 (fax)
david.bassett@wilmerhale.com

Christopher Borello
FITZPATRICK, CELLA, HARPER &
SCINTO
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100
(212) 218-2200 (fax)
cborello@fchs.com

*Attorneys for Plaintiffs Gilead Sciences, Inc.
and Emory University*

(202) 640-6401 (fax)
bill.zimmerman@knobbe.com
jay.deshmukh@knobbe.com
chris.kennedy@knobbe.com

Thomas Krzeminski
William O. Adams
Karen Cassidy
KNOBBE, MARTENS, OLSON &
BEAR LLP
2040 Main St., 14th Fl.
Irvine, CA  92614
(949)760-0404
(949) 760-9502 (fax)
thomas.krzeminski@knobbe.com
william.adams@knobbe.com
karen.cassidy@knobbe.com

*Attorneys and Trial Counsel for
Mylan Inc. and Mylan Pharmaceuticals Inc.*

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GILEAD SCIENCES, INC. and
EMORY UNIVERSITY,

                   Plaintiffs,

    v.

MYLAN INC. and MYLAN
PHARMACEUTICALS INC.,

                   Defendants.

Civil Action No. 1:14-cv-99 (IMK)

### AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER

I, _____, state that:

      a.     My address of residence is _____

_____.

      b.     My present employer is _____ and my

present work address is _____.

      c.     My present title, occupation or job description is _____

_____.

      d.     I have been retained by _____.

      e.     A copy of my *curriculum vitae* is attached hereto.

      f.     I have testified over the last five (5) years in the following

litigations: _____

_____.

      g.     I have been employed by or consulted for the following companies

in the last five (5) years: _____

_____

_____ .

        h.      I have read and understand the provisions of the Stipulated Protective Order entered in this Action and I will comply with the provisions of that Stipulated Protective Order.  I consent to be subject to the jurisdiction of this Court for enforcement of this Stipulated Protective Order.

        i.      I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any CONFIDENTIAL information, or any summaries, abstracts or indices of any CONFIDENTIAL information, that is disclosed to me or that I prepare.

        j.      Upon conclusion of this Action, including any appeals, I will return all CONFIDENTIAL information—and any summaries, abstracts and indices thereof, and documents or materials that I received or prepared relating thereto—in my possession to outside counsel for the party for whom I was employed, retained or acted as a witness.

        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____             _____

## EXHIBIT B

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GILEAD SCIENCES, INC. and
EMORY UNIVERSITY,

                              Plaintiffs,

          v.

MYLAN INC. and MYLAN
PHARMACEUTICALS INC.,

                              Defendants.

Civil Action No. 1:14-cv-99 (IMK)

### AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER

I, _____, state that:

          a.     My address of residence is _____

_____.

          b.     My present employer is _____ and my

present work address is _____.

          c.     My present title, occupation or job description is _____

_____.

          d.     I am employed by _____.

          e.     I have read and understand the provisions of the Stipulated

Protective Order entered in this Action and I will comply with the provisions of that Stipulated

Protective Order.  I consent to be subject to the jurisdiction of this Court for enforcement of this

Stipulated Protective Order.

          f.     I will hold in confidence and not disclose to anyone not qualified

under the Stipulated Protective Order any CONFIDENTIAL information, or any summaries,

abstracts or indices of any CONFIDENTIAL information, that is disclosed to me or that I prepare.

g.      Upon conclusion of this Action, including any appeals, I will return all CONFIDENTIAL information—and any summaries, abstracts and indices thereof, and documents or materials that I received or prepared relating thereto—in my possession to outside counsel for the party for whom I am employed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____          _____