## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### AT CLARKSBURG

| | |
|---|---|
| GILEAD SCIENCES, INC. and EMORY UNIVERSITY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:14-cv-099-IMK |
| MYLAN INC. and MYLAN PHARMACEUTICALS INC., | ) ) ) |
| Defendants. | ) ) ) |

## DEFENDANTS MYLAN INC. AND MYLAN PHARMACEUTICALS INC.'S NOTICE OF SUBPOENA TO SHERRY M. KNOWLES FOR DEPOSITION AND PRODUCTION

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure and the subpoena attached hereto as Attachment 1, will be served on Sherry M. Knowles and that Defendants Mylan Inc. and Mylan Pharmaceuticals Inc. (collectively, "Mylan") will take the deposition, upon oral examination, of Sherry M. Knowles.

The deposition will commence on May 27, 2015 at 9:00 a.m. and will be held at the Renaissance Concourse Atlanta Airport Hotel, One Hartsfield Centre Parkway, Atlanta, Georgia 30354, Telephone: (404) 209-9999, or such other date, time and location agreed upon by counsel, before a court reporter, notary public, or other person authorized by law to administer oaths.

The oral examination will be recorded stenographically and by videotape, and the stenographic method will include the instant visual display of the testimony. Counsel for Mylan

intends to connect with the deposition officer's real-time display.  The deposition will continue from day to day until completed.  You are hereby invited to attend and cross-examine the witnesses in the manner provided under the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure and in accordance with the Definitions and Instructions set forth in Exhibit "A" attached hereto, Ms. Knowles is hereby requested to produce, at or before the time of the deposition, any and all documents and things described in Exhibit "A" that are in her possession, custody, or control.  Counsel for Mylan reserves the right to continue this deposition should Ms. Knowles fail to produce such documents and things at or before the time of the deposition.

Dated:  April 28, 2015

STEPTOE & JOHNSON PLLC

*/s/ Gordon H. Copland*
Gordon H. Copland (WV Bar #828)
  gordon.copland@steptoe-johnson.com
William J. O'Brien (WV Bar #10549)
  william.obrien@steptoe-johnson.com
400 White Oaks Boulevard
Bridgeport, WV  26330
Telephone:  (304) 933-8000
Facsimile:  (304) 933-8183

*Of Counsel:*

William R. Zimmerman
  bill.zimmerman@knobbe.com
Jay R. Deshmukh
  jay.deshmukh@knobbe.com
Christopher C. Kennedy
  chris.kennedy@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Avenue, NW, Suite 900
Washington, DC  20006
Telephone:  (202) 640-6400
Facsimile:  (202) 640-6401

Thomas Krzeminski
  thomas.krzeminski@knobbe.com
William O. Adams
  william.adams@knobbe.com
Karen Cassidy
  karen.cassidy@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA  92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502

*Attorneys for Defendants*
*Mylan Inc. and Mylan Pharmaceuticals Inc.*

# ATTACHMENT 1

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of West Virginia

| | | |
|---|---|---|
| Gilead Sciences, Inc. and Emory University | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    14-cv-99-IMK |
| Mylan Inc. and Mylan Pharmaceuticals Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              Sherry M. Knowles, Esq.
Knowles Intellectual Property Strategies, 400 Perimeter Center Terrace NE, Suite 200, Atlanta, Georgia 30346
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Renaissance Concourse Atlanta Airport Hotel<br>One Hartsfield Centre Parkway<br>Atlanta, Georgia 30354     Tel: (404) 209-9999 | Date and Time:<br>05/27/2015 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographically and Videotape

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

PLEASE SEE ATTACHED EXHIBIT "A".

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/28/2015

*CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendants
Mylan Inc. and Mylan Pharmaceuticals Inc.                    , who issues or requests this subpoena, are:
Gordon H. Copland, Esq. of STEPTOE & JOHNSON PLLC, 400 White Oaks Boulevard, Bridgeport, WV 26330;
Telephone:  (304) 933-8162; Email:  gordon.copland@steptoe-johnson.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   14-cv-99-IMK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

 **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## EXHIBIT A

## DEFINITIONS

The following words and phrases are defined and used herein as follows:

1.     If any request, instruction or definition is ambiguous or unclear to you, please contact the undersigned counsel as soon as possible so that the request, instruction or definition can be clarified.

2.     "Plaintiffs" means Gilead Sciences, Inc. and Emory University, collectively, including any of their divisions, departments, parents, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent of Plaintiffs and all other persons acting or purporting to act on behalf of Plaintiffs, their subsidiaries, affiliates, divisions, predecessors or any of them.

3.     "Gilead" means Gilead Sciences, Inc., including any of its divisions, departments, parents, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent of Gilead and all other persons acting or purporting to act on behalf of Gilead, its subsidiaries, affiliates, divisions, predecessors or any of them.

4.     "Emory" means Emory University, including any of its divisions, departments, parents, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent of Emory and all other persons acting or purporting to act on behalf of Emory, its subsidiaries, affiliates, divisions, predecessors or any of them.

5.     "Day" or "date" means the exact day, month and year if ascertainable, or if not, the best available approximation (including relationship to other events).

6.     "USPTO" means the United States Patent and Trademark Office.

7.     "Document" has the same broad meaning as in Federal Rule of Civil Procedure 34, and includes, without limitation, any thing or any written or graphic matter or any medium of any type or description upon which intelligence or information is recorded, or from which intelligence or information can be perceived, including magnetic and optical media of all kinds (including disks, tapes, or other media), which is or has been in the possession, control, or custody of Plaintiffs, or of which Plaintiffs have knowledge, including the original and any non-identical copy (whether different from the original because of notes made on said copy or otherwise) of any advertising literature; agreement; bank record or statement; blueprint; book; book of account; booklet; brochure; calendar; chart; check; circuit diagram; circular; coding form; communication (intra- or inter-company); components listing; computer data; computer printout; computer readable form; computer software and supporting indices, data, documentation, flow charts, comments, object code, source code and computer programs; contract; copy; correspondence; database; design document; diary; display; draft of any document; drawing; electronic mail (e-mail); engineering change order; engineering specification; film; film transparency; flyer; forecast; graph; index; instruction; instruction manual or sheet; invoice; job requisition; letter, license; log; manual; manufacturing data; manufacturing drawing; map; marketing plan; memoranda; minutes; model; newspaper or other clippings; notes; notebook; opinion; packing checklist; packing list; pamphlet; paper, periodical or other publications; photograph; physical object; price list; print; printed circuit board; product brochure; product specification; promotional literature; prototype; receipt; record; recorded read-only-memory (ROM); recording; report, sales data; schematic; sketch; solicitation; statement; statistical compilation; stenographic note; study; summary (including any memoranda, minutes, notes, records, or summary of any (a) telephone or intercom conversation or message,

(b) conversation or interview, or (c) meeting or conference); technical, service or operation manual; technical specification; telegram; telephone log; travel or expense records; video recording; videotape; voice recording; voucher; worksheet or work paper; or any other documentary material of any nature.

8.    "Person" means any legal entity, including individuals, corporations, businesses, firms, joint ventures, partnerships, sole proprietorships, governments, agencies or instrumentalities of governments, unincorporated associations, and cooperatives.

9.    "Individual" means any natural person.

10.    A document or communication "relating to" or "related to" any given subject matter means, without limitation, any document or communication that constitutes, comprises, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

11.    The "'245 patent" means U.S. Patent No. 6,642,245.

12.    The "'396 patent" means U.S. Patent No. 6,703,396.

13.    "Inventor" means any of the individuals listed on the face of the patents-in-suit, whether collectively or individually.

14.    "Truvada®" means the product or products described by NDA No. 21-752.

15.    "Emtricitabine" means the compound described alternatively in chemical nomenclature as "5-fluoro-1-(2R,5S)-[2-(hydroxymethyl)-1,3-oxathiolan-5-yl] cytosine," "(−)-(β-L-2-hydroxymethyl-5-(5-fluorocytosin-1-yl)-1,3-oxathiolane," "β-L-2-hydroxymethyl-5-(5-fluorocytosin-1-yl)-1,3-oxathiolane," "(−)-cis-4-amino-5-fluoro-1-(2-hydroxymethyl-1,3-oxathiolane-5-yl)-(1H)-pyrimidin-2-one," and "(−)-enantiomer of cis-4-amino-5-fluoro-1-(2-hydroxymethyl-1,3-oxathiolane-5-yl)- (1H)-pyrimidin-2-one," including, without limitation, any salt thereof, or any preparation, formulation, pharmaceutical, or product comprised thereof.

-3-

16.     The terms "concerning" or "referring" or "relating to" mean (in addition to their usual meanings) pertaining to, mentioning, commenting on, connected with, discussing, analyzing, explaining, showing, setting forth, dealing with, comprising, consisting of, containing, constituting, resulting from, recording, involving, defining, covering, describing, evidencing, reflecting, referring to, relating to or having any logical or factual connection with the matter discussed.

17.     The term "prior art" encompasses, by way of example and without limitation, the subject matter described in each and every subdivision of 35 U.S.C. §§ 102 and 103.

18.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

19.     "All" shall be construed as all and each, and "each" shall be construed as all and each.

20.     Whenever appropriate in these requests for production, the singular form of a word is intended to be interpreted as encompassing the plural form of it and vice versa.

## REQUESTS FOR PRODUCTION

1.      All documents and things relating to the preparation, filing, and prosecution of the applications that led to the '245 and '396 patents, including the decisions to file and/or withdraw any terminal disclaimers.

2.      All documents and things relating to any claims of priority to earlier patent applications that were made in the applications that led to the '245 and '396 patents.

3.    All documents and things relating to Interferences Nos. 103,096 and 104,333, at least to the extent that they are referenced in the prosecution histories of the '245 and '396 patents.

4.    All documents and things relating to U.S. Patent No. 5,210,085, and the application from which it issued, including whether it discloses and/or enables the claims of the '245 or '396 patents.

5.    All documents and things relating to U.S. Patent No. 5,814,639, and the application from which it issued, including whether it discloses and/or enables the claims of the '245 or '396 patents.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT CLARKSBURG**

| | |
|---|---|
| GILEAD SCIENCES, INC. and EMORY UNIVERSITY,        Plaintiffs,        v.        MYLAN INC. and MYLAN PHARMACEUTICALS INC.,        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:14-cv-099-IMK |

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2015, I served **DEFENDANTS MYLAN INC. AND MYLAN PHARMACEUTICALS INC.'S NOTICE OF SUBPOENA TO SHERRY M. KNOWLES FOR DEPOSITION AND PRODUCTION** upon the following counsel of record for Plaintiffs Gilead Sciences, Inc. and Emory University in the manner indicated below:

**VIA ELECTRONIC MAIL:**

Frank E. Simmerman, Jr.
Chad L. Taylor
Frank E. Simmerman, III
**SIMMERMAN LAW OFFICE, PLLC**
254 East Main Street
Clarksburg, WV 26301-2170
fes@simmermanlaw.com
clt@simmermanlaw.com
trey@simmermanlaw.com

**VIA ELECTRONIC MAIL:**

Colleen Tracy James (*pro hac vice*)
**MAYER BROWN LLP**
1675 Broadway
New York, NY  10019
ctracyjames@mayerbrown.com

**VIA ELECTRONIC MAIL:**

Christopher Borello (*pro hac vice*)
**FITZPATRICK, CELLA, HARPER & SCINTO**
1290 Avenue of the Americas
New York, NY  10104
cborello@fchs.com

**VIA ELECTRONIC MAIL:**

David B. Bassett (*pro hac vice*)
David A. Manspeizer (*pro hac vice*)
Jonathan E. Barbee (*pro hac vice*)
**WILMER CUTLER PICKERING HALE
  AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY  10007
david.bassett@wilmerhale.com
david.manspeizer@wilmerhale.com
jonathan.barbee@wilmerhale.com

**VIA ELECTRONIC MAIL:**

Kate Saxton (*pro hac vice*)
Vinita Ferrera (*pro hac vice*)
Ryann M. Muir (*pro hac vice*)
**WILMER CUTLER PICKERING HALE
  AND DORR LLP**
60 State Street
Boston, MA  02109
kate.saxton@wilmerhale.com
vinita.ferrera@wilmerhale.com
ryann.muir@wilmerhale.com


*/s/ Gordon H. Copland*
Gordon H. Copland (WV Bar #828)
  gordon.copland@steptoe-johnson.com
William J. O'Brien (WV Bar #10549)
  william.obrien@steptoe-johnson.com
**STEPTOE & JOHNSON PLLC**
400 White Oaks Boulevard
Bridgeport, WV  26330
Telephone:  (304) 933-8000
Facsimile:  (304) 933-8183
*Attorneys for Defendants*
*Mylan Inc. and Mylan Pharmaceuticals Inc.*

20003008